De La Hay v. De La Hay.

JAMES DE LA HAY, Plaintiff in Error, v. MARY JANE DE LA HAY, Defendant in Error.

ERROR TO MORGAN.

A husband who seeks a divorce, upon the allegation of cruelty on the part of the wife, must bring himself within the requirements of the statute.

The opinion of the court in the case of *Birkley* v. *Birkley*, 15th Ill. 120, examined and approved.

THIS was a petition by plaintiff in error against defendant in error for divorce, filed in the Morgan Circuit Court.

At the March term, 1858, of said court, there was a decree *pro confesso*, and cause was referred to the Master, to report testimony.

*Gertrude De La Hay* testified, that the parties married in Memphis, Tennessee. Have four children, two of whom are living. Parties lived together from date of marriage till separated by the causes mentioned in the petition. In 1853, parties then residing at Taylorville, Illinois, defendant, with consent of complainant, went to New York, and attended a medical school a term of three months, leaving husband and children at home. Returned home, and remained some months with family, and again went to New York, with like consent of complainant, to attend the same school, taking with her the two children, and leaving the husband at home. Remained in school about six months, and graduated. About this time, complainant went to New York to assist defendant home. Shortly before being ready to start home she attempted suicide, by taking arsenic, or some other deadly poison, from the effects of which she was relieved with some difficulty. During this period the husband had removed to Mowequa, in Shelby county, and returned from New York to that place. Parties lived together at this place some months, when defendant left her home and family; went off with a young man named Mathewson, to Vermont, in Fulton county, where she had no relations or friends; remained away from home three or four weeks, when she returned to her family. She remained at home but a short time, when she again left, and went into the State of Indiana, and there engaged teaching school. Absent at this time about four months.

In the summer of 1855, defendant again attempted suicide, with a razor, but was prevented. She then made a violent assault upon her husband with a hammer, but failed to do any material injury. Winter of 1856, complainant removed to Jacksonville. Defendant came in May following. Parties have

resided in the same house since, till in February, 1858, when she left, and has remained absent since that time, and declares she will not live with him as his wife any longer, and does not love her husband.

In the summer or fall of 1857, defendant made an assault upon her daughter with a large knife, in such a manner as to justify the belief that she intended to kill or maim. That ever since defendant returned from New York, in 1855, there has been continued intervening difficulties between the parties, so as to make the life of each extremely disagreeable, and to unfit them for living together as man and wife. That " defendant is subject to fits of passion and desperation, which disqualify her for the duties of a wife and mother."

Opinion of the Master in favor of granting prayer of the petition.

The court dismissed the petition, WOODSON, Judge, presiding.

Errors assigned : The court erred in dismissing the complainant's petition; and in refusing a decree in favor of complainant, granting him a divorce in this case.

J. W. STRONG, for Plaintiff in Error.

D. A. AND T. W. SMITH, and I. J. KETCHUM, for Defendant in Error.

WALKER, J. A divorce is asked by the complainant in this case, upon the ground of cruelty on the part of the defendant. Though the complaint in these cases usually proceeds from the wife, as the weaker party, yet the statute authorizes a divorce in favor of the husband, for her cruelty. When the husband is the complainant, it is not sufficient to show slight acts of violence, on her part, towards him, so long as there is no reason to suppose he will not be able to protect himself by a proper exercise of his marital powers. But he may establish such a course of bad conduct on the part of the wife towards him, as to satisfy the court that it is unsafe for him to cohabit with her. While the general principles of the law are the same, whether the suit be instituted by the husband or the wife, in the application of these principles, it is necessary to consider the relative rights which the marriage has created, and perhaps the physical constitutions and temperament of the parties. And it must, therefore, be a clear case which will induce the court to grant a divorce on the application of the husband, for the cruelty of the wife.

In the case of *Birkley* v. *Birkley*, 15 Ill. R. 120, the allegations were, that the wife had become jealous of the husband, and accused him of improper intimacies with other women, which involved him in difficulties in the neighborhood. That she refused to attend to her household duties, and absented herself from his house, sometimes for days and weeks together; that she threatened to take his life, and to burn his buildings, and destroy his property. This court, in that case, say, " The causes of complaint are of the same character as some of those specified by the statute, but' less in degree than the legislature has seen fit to prescribe. Here is desertion charged, but not of sufficient length of time to authorize a divorce for that cause. And here is misconduct charged, partaking at least of the character of cruelty; but the bill does not state facts showing that she has been guilty of extreme and repeated cruelty," etc., " which the statute requires, to authorize a divorce for that kind of misconduct." So in this case, the evidence shows a desertion for weeks, and even months at a time, but not for the space of two years. It likewise shows that she, on one occasion, attempted to commit an assault upon him with a hammer, but did no injury; but there was no evidence showing a repetition of the act. And the evidence is entirely silent as to the circumstances attending it. Whether it was under extreme provocation, or without any justification, does not appear. That she has acted without a due regard for his feelings, and in contempt of his wishes and authority, there can be little, if any, doubt; but whether he is wholly blameless, does not appear, as he introduced no evidence to show that he was free from fault. We do not see, from the evidence, that it was then, or now is, unsafe for him to cohabit with her, and we are satisfied that the case does not come within any of the specified causes enumerated in the statute. The case certainly is no stronger, if even as strong, as the case of *Birkley* v. *Birkley*, and we have no inclination to relax the rule there adopted. The contract of marriage should be dissolved only for grave and weighty causes; and parties should not be encouraged to seek divorces unless the causes exist which have been prescribed by the statute. The well being of society, the interest of the children of the marriage, good morals and the precepts of religion, all forbid, that the marriage contract should be dissolved, unless the objects of the relation have been defeated, and the cohabitation of the parties has become productive of wrong, or the safety of one of the parties is endangered. And this was doubtless the object of the legislature in adopting the enactments upon the subject of divorce.

It was also urged that, if the case did not come within any of the specified causes, that it is within the 8th section of the statute.

In the case of *Birkley* v. *Birkley*, this court say, in giving a construction to this section, "We have no hesitation in saying that the law does not confer upon the courts, an unlimited discretion to grant divorces in all cases, when they may deem it expedient or advisable. Where the offense is of a character which is provided for in the statute, as a specific cause of divorce, the degree of the offense must be measured by the statute, and when it does not come up to the standard, the courts have no right to say that an offense of the same character, but less in degree, shall be sufficient to dissolve the marriage contract. When the legislature has prescribed one measure of guilt as necessary, the courts cannot say that a less will be sufficient." When the legislature have required two years of desertion, the courts are prohibited from saying four months will suffice. And when the legislature has said that cruelty must be extreme and repeated, to constitute a ground, the courts cannot say that a single act will suffice. Such a construction of this section would be virtually a repeal of the first section. Neither the desertion or the cruelty in this case, came up to the statutory provisions, and therefore do not entitle the complainant to a divorce. Nor, when taken together with the other circumstances in the case, does the complainant bring it within the provisions of this section.

We, after a careful examination of the record, are unable to perceive any error, and the decree of the Circuit Court should therefore be affirmed.

*Decree affirmed.*