William H. Johnson *et al.*

*v.*

Fannie P. Huling.

*Filed at Ottawa November 15, 1888.*

1. Removing cloud upon title—*question of possession—or that the premises are vacant and unoccupied.* On bill to remove alleged clouds upon the title to land, the burden of proof is on the complainant to make out a case,—and this is not done unless he shows that he was in possession, or that the property was vacant and unoccupied, at the time of the filing of the bill. It is not sufficient to prove that the premises were vacant at some time after the suit is brought.

2. Same—*setting aside tax title—upon terms.* It is error to decree that certain tax titles be set aside as a cloud upon title, except upon the condition that the complainant shall pay to the parties entitled thereto, the amount found by the court to be equitably due. If there is doubt as to which of several defendants is entitled to receive the same, the money should be ordered into court for the use of the parties entitled.

Appeal from the Superior Court of Cook county; the Hon. Egbert Jamieson, Judge, presiding.

Mr. H. S. McCartney, for the appellants:

In *Hardin* v. *Jones*, 86 Ill. 315, the court say: "There are only two cases, under our law, in which a party may file a bill to quiet title to or remove a cloud from the title to real property: First, where he is in possession of the lands; and second, when he claims to be the owner, and the lands in controversy are unimproved and unoccupied." So also in *Gage* v. *Abbott*, 99 Ill. 367; *Gage* v. *Parker*, 103 id. 534; *Gage* v. *Schmidt*, 104 id. 106; *Gage* v. *Bailey*, 100 id. 530.

A party seeking to have tax titles set aside, must refund the amount of the sale and taxes paid, with interest, as a condition to the relief. *Phelps* v. *Harding*, 87 Ill. 442; *Gage* v. *Schmidt*, 104 id. 107; *Gage* v. *Nichol*, 112 id. 269.

Mr. Consider H. Willett, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a bill filed in the Superior Court of Cook county, by appellee, against appellants, to set aside and remove certain tax deeds as a cloud upon her title to lots 12 and 13, in block 2, Crane & Mead's subdivision, in section 2, town 38, north, range 14, east, in Cook county. The bill contained the offer of the complainant, "to pay said William H. Johnson the amount he respectively paid said county collector upon said sales, together with all their reasonable costs concerning said tax deed, and all subsequent taxes which he may have paid upon said lands, together with interest at six per cent per annum upon such amounts," and "further tender any sum of money, and offer to do any act, which the court, in its discretion, may deem proper as a condition to the granting of the relief herein prayed." The court, by its decree, found "that complainant has tendered to said defendants the amount of said taxes for which said lots sold on the 15th day of September, 1883, together with interest at six per cent since that date, and the amount of taxes paid by W. H. Johnson on the 17th day of September, 1883, together with interest at six per cent, and the aggregate amounts for which said lots were sold September 17, 1883," etc., and subsequent taxes paid, amounting to $252, "which said sums defendants have refused to accept, and have prayed an appeal," but failed to require the payment of the same to the holders of the tax deeds cancelled and set aside, as a condition to the relief granted, or to secure the same to the persons entitled thereto.

It is contended that there was an award of execution against the complainant therefor. This was, if true, not sufficient to authorize the decree. It should have been made conditional upon the payment to the parties entitled thereto, of the amount found by the court to be equitably due, or, if doubt arose as to which one or more of the defendants was entitled to receive the same, the money should have been ordered paid into court, for the use of the parties thereto entitled. (*Gage* v. *Nichols,*

112 Ill. 271; *Gage* v. *Schmidt,* 104 id. 107; *Phelps* v. *Harding,* 87 id. 442.) If a tender was made to Johnson, or to the defendants, it may or may not have been a good tender as to the defendant Knapp. In any event, the complainant, by her bill, having offered to pay, should not have been relieved of that just obligation by her tender, but should have been required to have made such tender good by the actual payment of the money to the use of the parties interested therein.

Again, the bill alleges that the complainant was the owner of the premises in controversy, and that "said property has always been, and is now, vacant and unoccupied." The only evidence to sustain this latter allegation is, that the property was vacant and unoccupied on the 8th day of May, 1888. The bill was filed September 10, 1887. It is manifest, proof that the premises were vacant on the 8th of May, 1888, does not prove they were vacant and unoccupied at the time of filing the bill. For aught that appears in the proof, the premises may have then been in the possession of the defendant. (*Gage* v. *Bailey,* 100 Ill. 530.) The burden was upon the complainant to make out a case under the law, and this she could only do by showing that she was in possession, or that the lots were vacant and unoccupied at the time of filing her bill. *Gage* v. *Abbott,* 99 Ill. 366; *Hardin* v. *Jones,* 86 id. 313; *Gage* v. *Parker,* 103 id. 528; *Oakley* v. *Hurlbut,* 100 id. 204.

Numerous other errors are assigned, questioning the correctness of the ruling of the court in respect to the validity of the tax deeds mentioned. These errors are not properly before us until the complainant shall have shown herself entitled to the relief sought by her bill. Unless she is in condition to maintain her bill, a court of equity will not, at her instance, investigate the validity of adverse titles.

For the errors indicated, the decree of the Superior Court is reversed, and the cause remanded to that court for further proceedings.                                     *Decree reversed.*