ADAM E. HITCHINS

*v.*

MARTHA A. HITCHINS.

*Filed at Ottawa January 18, 1892.*

1. DIVORCE—*of sufficient proof of extreme and repeated cruelty.* On bill for divorce by a husband against his wife, based on the charge of extreme and repeated cruelty, the evidence showed that the assaults claimed to have been made by the wife were but little more than exhibitions of impotent rage, there being no painful or permanent injury inflicted, and the husband had no difficulty in protecting himself and asserting his mastery, and it was not free from doubt that he was not in most instances himself the aggressor, and it was shown that there was cohabitation between the parties after the last act of physical violence was proved, and the husband for more than three years after he left his wife lived in the same State, and took no steps there for obtaining a divorce: *Held*, that under the evidence and the facts of the case no sufficient cause was shown for a divorce.

2. In no instance is a single act of physical violence a sufficient ground for divorce; and when the husband is complainant, it is not sufficient to show slight acts of violence upon the part of the wife toward him, so long as there is no reason to suppose that he will not be able to protect himself by a proper exercise of his marital powers.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. ALDRICH, PAYNE & WASHBURN, and Mr. WILLIAM BRACE, for the appellant:

Two or more acts of violence constitute repeated cruelty, under the statute. *Farnham* v. *Farnham,* 73 Ill. 497; *Sharp* v. *Sharp,* 116 id. 509; *Henderson's case,* 88 id. 250; *Ward's case,* 103 id. 477.

It has never been held that lapse of time will alone bar the right to a divorce. *Sharp* v. *Sharp,* 116 Ill. 517.

There can be no condonation because there was no reform. Every successive act of the defendant revived all previous offenses. *Kennedy* v. *Kennedy,* 87 Ill. 250.

The proof shows that complainant, at the time of filing his bill, was, and for more than a year had been, a resident of this State, within the requirements of section 2, chapter 40, of the Revised Statutes. *Way* v. *Way,* 64 Ill. 406.

Intention forms a large element in fixing a person's residence. *Cobb* v. *Smith,* 88 Ill. 202.

The law of the place of the actual *bona fide* domicile of the parties gives jurisdiction to the proper courts to decree divorce for any cause allowed by the local law, without reference to the law of the place of marriage, or the place where the offense for which divorce is allowed was committed. Story on Conflict of Laws, sec. 230 a; Hosack on Conflict of Laws, 286; 2 Bishop on Marriage and Divorce, sec. 141; *Ditson* v. *Ditson,* 4 R. I. 87; *Williams* v. *Williams,* 3 id. 185.

"Every State has an undoubted right to determine the *status* or domestic and social condition of the persons domiciled

within its territory." (*Strader* v. *Graham*, 10 How. 82.) This language, used by Chief Justice Taney, was originally applied to the *status* of the institution of slavery, but was later applied by the Supreme Court to the *status* of marriage.    *Cheever* v. *Wilson*, 9 Wall. 108.

Mr. L. VERNON FERRIS, for the appellee:

The evidence fails to show such extreme and repeated cruelty as the statute requires.    *De LaHay* v. *De LaHay*, 21 Ill. 251; *Embree* v. *Embree*, 53 id. 394; *Birkby* v. *Birkby*, 15 id. 121; *Vignos* v. *Vignos*, id. 186; *Henderson* v. *Henderson*, 88 id. 248.

For either spouse to withhold from the other cohabitation is not cruelty.    *Cowles* v. *Cowles*, 112 Mass. 298; 1 Bishop on Marriage and Divorce, sec. 738.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant seeks a divorce from appellee upon the ground of extreme and repeated cruelty.    The Superior Court found and decreed that appellee was not guilty as charged, and this finding and decree were affirmed by the judgment of the Appellate Court.

Appellant and appellee were married in Frostburg, in the State of Maryland, in 1857, and they thereafter resided together as husband and wife at that place until August, 1884, when appellant abandoned appellee.    After this abandonment, appellant continued to reside at Frostburg until February, 1888, when he removed to Chicago.    Appellee has continued to reside at Frostburg.    Five children were born to the parties. The acts of cruelty charged are from a date shortly after the marriage, and thereafter, at irregular intervals, during a period of about twenty-five years; and the last act of physical violence, which can fairly be claimed to be proved, occurred before the birth of the last child.    There is conflict in the evidence as to the fact of physical violence; but conceding that physical violence be proved, it falls short of that which

under our ruling, amounts to the extreme and repeated cruelty contemplated by the statute as a ground for divorce. Our ruling is, in no instance is a single act of physical violence a sufficient ground for divorce; and where a husband is complainant, it is not sufficient to show slight acts of violence on the part of the wife towards him, so long as there is no reason to suppose that he will not be able to protect himself by a proper exercise of his marital powers. (*De LaHay* v. *De-LaHay*, 21 Ill. 252.) The evidence here shows that the assaults claimed to have been made by the wife were, even if it be conceded that they are sufficiently proved, but little more than exhibitions of impotent rage. No painful or permanent injury was inflicted. The husband had no difficulty in protecting himself and asserting his mastery, and it is not free of doubt that he was not, in most of the instances, himself the aggressor. But apart from this, there was cohabitation between the parties after the last act of physical violence proved. It is true, he testifies that he was kicked out of bed by her, subsequently; but she denies it, and that charge can not be held proved. Moreover, for more than three years after appellant abandoned appellee, he, residing within the same jurisdiction, filed no bill against her for divorce. And the last act of physical violence which, as before observed, can fairly be claimed to be proved, occurred ten years before the filing of this bill. This delay is wholly unexplained, and therefore the presumption arises from it, that whatever offense appellee committed against the marital rights of appellant was condoned by him. It would tend to the perpetration, oftentimes, of great wrong, to allow a husband to abandon his wife, and then, after the lapse of years, go to a foreign jurisdiction, and there, by a sort of drag-net, bring before the court for review, as is here attempted to be done, every infelicity of their married life.

We think the judgment below right, and it must be affirmed.

*Judgment affirmed.*