## JACOB GLOS

*v.*

## FLORENCE BECKMAN.

*Opinion filed December 18, 1899.*

CLOUD ON TITLE—*allegation of possession must be proved to entitle the complainant to remove cloud.* Complainant in a bill to set aside a tax deed as a cloud has the burden of proving her allegation of possession of the premises, and in the absence of such proof in the certificate of evidence a decree in her favor must be reversed, although it finds the material allegations of the bill to be true.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

ENOCH J. PRICE, for plaintiff in error.

ISRAEL COWEN, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill, filed by the defendant in error to set aside a tax deed, held by plaintiff in error, to three lots in the city of Chicago. The bill alleges, that the complainant was the owner in fee of the lots, and that she had been, ever since her alleged purchase thereof in 1890, in actual possession of the same, and that she was, at the date of filing her bill, in actual possession thereof. The answer of the defendant denies that defendant in error was so in possession of said lots, or any of them. Replication was filed to the answer. Testimony was taken, and a decree was entered by the court below in favor of the defendant in error, the complainant below, setting aside the tax deed. The present writ of error is prosecuted from such decree. The record contains a certificate of evidence, certifying that the evidence in the certificate was all the evidence offered, heard, or taken upon the hearing of the cause,

It is well settled by the decisions of this court that, where a bill is filed to set aside a tax deed as a cloud upon the complainant's title, the bill must allege, either that the complainant is in possession of the premises, or that they are vacant and unoccupied. (*Johnson* v. *Huling*, 127 Ill. 14; *Glos* v. *Goodrich*, 175 id. 20). The possession must exist at the time of filing the bill, or the premises must be vacant and unoccupied at the time of filing the bill. The bill here avers possession in complainant at the time of filing the bill, and, in this respect, complies with the rule above stated, that is to say, it makes the proper allegation.

It is, however, not only necessary that the bill should allege possession at the time of the filing of it, but the fact of such possession must be proven as alleged, and the burden of proving it is upon complainant in the bill. (*Glos* v. *Randolph*, 133 Ill. 197; *Glos* v. *O'Toole*, 173 id. 366).

There is no evidence whatever in this record, tending to prove the allegation that the defendant in error was in possession of the lots at the time of filing her bill, or at any other time. It makes no difference that the decree of the court below finds the material allegations of the bill to be true, inasmuch as the evidence in the record does not establish the truth of the allegation, that the defendant in error was in possession of the property.

On account of the failure by the defendant in error to prove that, at the time she filed her bill, the premises in question were in her possession, the court should not have entered the decree in her favor, setting aside the tax deed.

Accordingly, the decree of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.　　　*Reversed and remanded.*