## George Rump v. Emma Rump.

1. CHANCERY PRACTICE—*Evidence to Support the Decree Must be Preserved.*—It is the duty of the party in whose favor a decree granting relief is rendered, to preserve the evidence upon which it is granted, or the decree must find the specific facts proved at the hearing. It is not

the duty of the party against whom such decree is rendered to preserve the evidence.

2.  SAME—*An Exception to the Rule.*—It is not necessary to preserve the evidence in the record to sustain a decree dismissing a bill for want of equity, because that is the decree which the court is bound to render in case of a total failure of evidence or when the evidence is insufficient to authorize the relief asked for.

**Bill for Separate Maintenance.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.  Heard in this court at the October term, 1900.  Reversed and remanded.  Opinion filed May 6, 1901.

JAMES R. WARD, attorney for appellant.

A. R. HAYES, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee, complainant below, filed her bill for separate support and maintenance against appellant, defendant below, and after answer and replication thereto the cause was heard before the chancellor upon the pleadings and the proofs taken in the case.  The decree "finds that the material allegations in the said bill of complaint contained are true, as therein stated, and that the equities of this cause are with the complainant," and then proceeds to decree a separate maintenance to the complainant from the defendant, making a yearly allowance of $180, payable in monthly installments, making it a lien upon defendant's real estate and awarding execution therefor in default of payment of any of the installments.  No other findings are contained in the decree than the one above stated, and there was not preserved, so far as appears by the transcript of the record, which is certified to be true, perfect and complete, any evidence or finding of facts to support the decree.

This being the state of the record, the decree must necessarily be reversed.

Counsel for appellee contends that inasmuch as it appears from the decree that proofs were taken in the cause, and as the decree finds "that the material allegations in the said

bill of complaint contained are true, as therein stated," that this is a sufficient finding by the court to sustain the decree, the allegations of the bill being sufficient to sustain the decree, and cites a number of cases in support of the contention. Some of the cases cited seem to sustain the claim. The only case cited, except decisions of the Appellate Court, which sustains appellee, is that of Mauck v. Mauck, 54 Ill. 281–3, and it can not be said to conflict directly with the later decisions of the Supreme Court. The court says it appears from the decree that all the material facts charged in the bill were found to be true;" also that "the facts are found by the decree," thus leaving it uncertain but that there were specific findings of fact in the decree. Even if this case and the Appellate Court decisions referred to, the latest of which was rendered in 1895 in the case of Schmid v. Schmid, 60 Ill. App. 175, do sustain appellee's contention, they must yield to the numerous later rulings of the Supreme Court, which are to the effect, as stated in Marvin v. Collins, 98 Ill. 510–16, that "according to practice in courts of equity, as announced in many cases in this court, the party in whose favor the decree granting relief is rendered, to maintain it, must preserve the evidence, or the decree must find specific facts that were proved on the hearing. It is not the duty of the party against whom the decree granting relief is rendered to preserve the evidence." The opinion in this latter case was written by Mr. Justice Walker, who also wrote the opinion in the Mauck case, *supra*, and as it is not mentioned we are disposed to think it was not intended by the Mauck case to lay down a rule in conflict with the later cases. The cases of Binkert v. Wabash Ry. Co., 98 Ill. 205–11, and Secrist v. Petty, 109 Ill. 188–91, relied upon by appellee, do not conflict with the Marvin case, *supra*. In each of them the court states in substance, that the decree specifically found to be true every material fact charged in the bill. The ruling in the Marvin case is supported by the following cases: White v. Morrison, 11 Ill. 361–5; Baird v. Powers, 131 Ill. 66; Rutz v. Kehn, 143 Ill. 558–70; Jackson v. Sackett, 146 Ill. 646–

55, and cases cited; Axtell v. Pulsifer, 155 Ill. 141–52; First Nat. Bk. v. Baker, 161 Ill. 282–3; Jele v. Lemberger, 163 Ill. 338–44; Lawrence v. Lawrence, 181 Ill. 248–53; Glos v. Beckman, 183 Ill. 158.

In the Lawrence case, *supra*, the court say:

" When a decree in chancery granting affirmative relief is brought into review on error or appeal, the rule is the decree must be supported by testimony preserved in the record, or by the facts appearing from specific findings of fact recited in the decree."

In the Glos case, *supra*, the court say:

" It makes no difference that the decree of the court below finds the material allegations of the bill to be true, inasmuch as the evidence in the record does not establish the truth of the allegation."

It is claimed by counsel for appellee that in proceedings for divorce and separate maintenance, it is not necessary to sustain the decree by evidence in the record or specific findings of fact in the decree, and he relies upon the Schmid case, *supra*, which seems to support the claim. We do not feel justified in making this exception, because section 6 of the divorce act provides that " the practice and proceedings under this act shall be the same as in other cases in chancery, except as herein otherwise provided," and there is no provision of the act which in any way relieves the party in whose favor the decree is rendered from supporting the decree, as required by chancery practice.

The statute with regard to separate maintenance gives married women the right to proceed in equity for relief under the statute, and it has been held that the practice in such cases is the same as in chancery, except as controlled by the specific provisions of the statute. Harding v. Harding, 144 Ill. 588–98; Johnson v. Johnson, 20 Ill. App. 495.

There is no exception in the statute which makes the proceeding different from the ordinary chancery case with regard to the preservation of the evidence in the record.

It should be noted, however, that the decisions do make an exception to the general rule, in that they hold that it is not necessary to preserve the evidence in the record to sus-

tain a decree which dismisses a bill for want of equity, since that is the decree which the court would be bound to render in case of a total failure of evidence, or when the evidence is insufficient to authorize the relief asked for. See Jackson v. Sackett, *supra*, and First Nat'l Bk. v. Baker, *supra*. This exception is, however, included in the rule as stated in the Lawrence case, *supra*, as there it is applied to cases in which the decree grants affirmative relief.

The decree is therefore reversed and the cause remanded.