## Anthony H. C. Werres v. Magdalena Werres.

1. CHANCERY PRACTICE—*The Findings Must Be Sufficient to Sustain the Decree.*—Where the decree rests solely on the findings in it, if such findings are insufficient, the decree must be reversed.

2. DIVORCE—*Single Act of Physical Violence, Insufficient.*—In no instance is a single act of physical violence sufficient ground for a divorce.

3. SAME—*Solicitor's Fees and Expenses to be Allowed to the Wife.*—An allowance to meet expenses of the wife in a suit for divorce, including solicitor's fees, should be to her and in her name and not in favor of her solicitor or in his name.

**Bill for Divorce.**—Appeal from the Circuit Court of Cook County; the Hon. HARRY HIGBEE, Judge presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed June 5, 1902.

**Statement.**—June 9, 1900, appellee filed a bill against appellant for divorce and alimony, averring that she and appellant were married January 1, 1881, and from said date to January 1, 1898, they lived together as husband and wife; that appellant has been guilty of extreme and repeated cruelty to appellee, etc., setting forth specific acts of cruelty February 5, 1885, May 10 and 15, 1890, and June 24, 1900; also, that appellant has been guilty of habitual drunkenness for two years last past. The bill alleges further that appellant is the owner in fee of certain real property therein described, of value exceeding $2,000, and is engaged in the candy business, from which he has an income of from $50 per week to $30 per day. Prayer for divorce, injunction, alimony, solicitor's fees, etc.

Appellant answered the bill, denying that the parties were married January 1, 1881; alleging that they were married January 1, 1900, and not before then; denying, generally and specifically, cruelty and the acts of cruelty alleged in the bill; admits ownership of the realty described in the bill, but avers that it is subject to a judgment of $1,700, and to a tax deed, and that the premises are worth not more than $800; admits that his business is candy peddling, but avers that his net receipts from that business do not exceed $10 per week, etc.

February 28, 1901, appellee amended her bill, charging the alleged time of her marriage to be " some time in the latter part of 1877, or the first part of the year A. D. 1878." The amended bill contains the following allegations :

" Your oratrix being an unmarried person and competent to enter into the marriage relation, and the defendant, Anthony H. C. Werres being at the time an unmarried person and competent and capable to enter into the marriage relation, did enter into and make a contract of marriage; and your oratrix and the said Anthony H. C. Werres did then and there willfully consent to enter upon the marital relations and did consent to cohabit and live together as husband and wife, and to be known to each other and introduced to the world as husband and wife, and thereupon entered upon all the relations of husband and wife, and were mutually introduced to neighbors, friends and relations and to society at large as husband and wife, and lived and cohabited together as husband and wife. And with the knowledge and consent of each other did sign deeds of conveyance to real estate, and had their respective signatures acknowledged as husband and wife, and continued to live together as husband and wife until on or about the 24th day of June, A. D. 1900.

" And your oratrix says that she was lawfully joined in marriage in the manner aforesaid with the said Anthony H. C. Werres of the city of Chicago in the State of Illinois, whom your oratrix prays may be made a party defendant hereto."

The amended bill alleges that she and appellant are members of the Catholic Church, and that in the year 1900, they were formally married by Father Dunne.

March 16, 1900, the court decreed as fellows :

" This day comes the complainant hereto, by John J. Coburn and Charles W. Taylor, her solicitors, and this cause coming on now to be heard upon the bill of complaint filed herein, and the court having heard all the evidence adduced herein by the complainant, and having heard the arguments of counsel, and being fully advised in the premises, finds that the defendant has been guilty of ' extreme and repeated cruelty.'

" It is further ordered, adjudged and decreed by the court that the complainant be and she is hereby divorced

by this court from the defendant and released from the obligations of her marriage and restored to all and singular the rights and privileges of an unmarried woman.

" It is further ordered, adjudged and decreed by the court that the defendant pay to the complainant the sum of one hundred and twenty dollars ($120), during each and every year, commencing from the 14th day of March, 1901, and payable monthly at the end of each and every month, first payment being due April 14, 1901, to the clerk of this court until further ordered by this court, and that the defendant pay the costs of this suit, to be taxed by the clerk of this court; and that in default of the payment of said sums in the manner and at the times herein provided, that execution shall issue therefor.

" It is further ordered, adjudged and decreed by the court that this decree shall be and remain a lien upon all the lands and tenements of the defendant until further order of court.

"It is further ordered and decreed by the court that the complainant be and is hereby barred from any claim for dower, and is decreed to have no dower right in the real estate of the defendant.

" It is further ordered and decreed that the defendant pay to the solicitor of the complainant the sum of fifty dollars ($50) for solicitor's fees."

ERNEST SAUNDERS, attorney for appellant.

No appearance by appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The record contains no evidence in any form; therefore the decree rests solely on the findings of fact in it. Rump v. Rump, 94 Ill. App. 582, and numerous Supreme Court cases therein cited.

If such findings of fact are insufficient, the decree must be reversed. The appellee avers in her amended bill that some time in the latter part of 1877 or in the first part of 1878, a common law marriage occurred between the parties. Appellant, in his answer, expressly denied that there was any marriage of the parties prior to January 1, 1900. The only specific act of cruelty charged after January 1, 1900, was June 24, 1900, at which last date it is averred in

the bill that appellant threw the complainant out of the house and threatened to kill her.    If the marriage occurred January 1, 1900, as averred by appellant, then a divorce for the alleged act of June 24, 1900, could not legally be granted, it being the law that "in no instance is a single act of physical violence a sufficient ground for divorce." Hitchins v. Hitchins, 140 Ill. 326, 329.

It was, therefore, a vital question and necessary to be proved, whether the marriage occurred prior to January 1, 1900, and prior to acts of violence other than the alleged act of June 24, 1900, and there being no evidence on that question in the record, there should have been a finding by the court as to the time of marriage.    A decree must be supported by facts, and the necessary facts, if not appearing from evidence preserved in some form, must be found by the court in the decree.    The court, in the present case, has not found when the parties were married, or that they were married at all.    The only finding of fact by the court is, "That the defendant has been guilty of extreme and repeated cruelty."    It is not even found toward whom the cruelty was exercised, or that the cruelty was as charged in the bill.    The bill contains a general allegation of cruelty at divers times since said marriage, followed by allegations of specific acts of cruelty.    But if it could be held that a decree might go on the general allegation, supported by proof, still it would have to appear that the acts proved occurred after the marriage, and so proof of the time of marriage would be necessary, and if necessary to be proved, it should be found in the decree to support the decree in the absence of evidence.

We regard the finding insufficient to support the decree. The decree is erroneous in ordering "that the defendant pay to the solicitor of the complainant the sum of fifty dollars for solicitor's fees."    An allowance to appellee to meet her expenses in the suit, including solicitor's fees, should be to her and in her name, and should not be in favor of or in the name of her solicitor.    Anderson v. Steger, 173 Ill. 112; Lynch v. Lynch, 99 Ill. App. 454.

The decree will be reversed and the cause remanded.