## Mollie Fricke v. Ernest Fricke.

### Gen. No. 12,182.

1. DECREE—*how must be supported.* In the absence of a certificate of evidence a decree granting affirmative relief must contain sufficient findings of fact to sustain it. A general statement that the equities of the cause are with the complainant is not sufficient.

2. DECREE FOR DIVORCE—*when fatally defective.* A decree for divorce is not sufficiently sustained by its own findings of fact where it does not find that the desertion upon which it is predicated was without reasonable cause and continued without reasonable cause for the statutory period.

Divorce proceeding. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded. Opinion filed December 14, 1905.

ROSENTHAL, KURZ & HIRSCHL, for appellant.

No appearance for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

In 1901 appellant brought a bill for divorce against her husband, Ernest Fricke. He answered the bill, and then filed a cross-bill, in which he charges that appellant is guilty of "wilfully deserting and abandoning your orator without any just or reasonable cause on the 27th day of June, 1899," and that since, although requested by him to do so, she "has wholly failed and refused to come and live with your orator as his wife." The prayer is for a divorce. Appellant filed her answer to this cross-bill. The suit remained dormant until October 26, 1904, when an order was entered dismissing appellant's bill for want of equity. A motion was made to vacate this order, which motion upon hearing November 25, 1904, was denied. On the same day a hearing was had,

and a decree was entered on the cross-bill, of which the following paragraphs are here material:

"And this cause, coming on further to be heard upon the cross-bill of Ernest Fricke, and the answer of Mollie Fricke to said cross-bill, and also coming on to be heard upon the evidence, both oral and documentary, adduced in said cause; and, after argument of counsel, the court being fully advised in the premises, doth find that the cross-complainant, Ernest Fricke, has been an actual resident of this county and State for more than one whole year prior to the filing of the cross-bill herein. And the court doth further find that the equities of this cause are with the cross-complainant, and that the cross-defendant, Mollie Fricke, wilfully deserted and absented herself from her husband, the said cross-complainant, for the space of two years prior to the filing of the said cross-bill. It is therefore ordered, adjudged and decreed by the court that the marriage between the cross-complainant and cross-defendant be dissolved and the same is hereby dissolved accordingly, and that the said parties are, and each of them, is freed from the obligations thereof."

Appellant then prayed for and perfected this appeal.

The certificate of evidence contained in the record relates to the motion to set aside the order dismissing the original bill only. If there was any evidence upon the merits in the cross-bill, it is not before us. In such case sufficient evidence to support the decree must be shown by specific findings of fact recited in the decree, or upon appeal the decree will be reversed. Lawrence v. Lawrence, 181 Ill., 253. A general statement that the equities of the cause are with the prevailing party, or the like, will not remedy this defect. Rump v. Rump, 94 Ill. App., 582.

An inspection of the decree shows that there is no finding that either the original desertion or the continuance thereof was "without reasonable cause."

The statute provides as one ground for divorce that the husband or wife charged has "wilfully deserted or absented himself or herself from the husband or wife, without any

reasonable cause, for the space of two years." Chapter 40, Section 1 R. S. Hurd 1903. Under the statute the desertion must not only be for the space of two years, but also must be without any reasonable cause. This decree finds the time, but it is silent upon the question of reasonable cause, and therefore is fatally defective.

The decree of the Circuit Court is reversed and the cause is remanded.

*Reversed and remanded.*