### Adam Kowalski v. Agnes Kowalski.

#### Gen. No. 12,507.

1. DECREE—*when not sufficiently supported.* A decree which is not supported by specific findings of fact, nor by the preservation of the evidence heard, will be reversed on writ of error in divorce, as in other chancery proceedings.

2. DECREE—*when amendment of, without jurisdiction.* An amendment of a decree made after the lapse of the decree term without memorial upon which to predicate the amendment, is void.

3. DIVORCE—*when decree of, erroneous.* A decree of divorce which provides for the payment of solicitor's fees to the solicitor and not to the wife, is erroneous.

Divorce proceeding. Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed May 21, 1906.

JACOB C. LeBOSKY, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This cause is submitted on the brief of plaintiff in error alone.

His counsel makes two points. The decree must be reversed, he insists, in accordance with the doctrine of this court laid down in Rump v. Rump, 94 Ill. App. 582, as applying to divorce suits as well as other chancery proceedings, because the specific facts proven on the hearing and supposed to justify the decree are neither preserved in the record nor recited in the decree.

Secondly, he points out that the decree of May 10, 1905, in the Superior Court was erroneous in providing that the defendant should pay—not to the complainant for her solicitor's fees—but to the solicitor of the complainant directly, the sum of $50, and that this decree was amended by the court on June 28, 1905, at a subsequent term of the court, and as far as the record, which is certified to be true, perfect and complete, shows, without notice, application for amendment, or memorandum of the court by which the amendment could be made.

The points seem all well taken.

Rump v. Rump, *supra*, shows the doctrine of this court as to the first one.

The amendment was a nullity as to plaintiff in error. Swift v. Allen, 55 Ill. 303, 306.

The original decree was erroneous. Lynch v. Lynch, 99 Ill. App. 454; Lilly v. Shaw, 59 Ill. 72; Anderson v. Steger, 173 Ill. 112.

The decree of May 10, 1905, and the amended decree of June 28, 1905, are both reversed and the cause remanded.

*Reversed and remanded.*