## Rose Milashwskis, Defendant in Error, v. John Milashwskis, Plaintiff in Error.

### Gen. No. 13,469.

DIVORCE—*when findings of decree sufficient.* A finding of jurisdictional residence in this state is not necessary to a valid decree of divorce, if there are findings in the decree which show that the cause for divorce arose in this state.

Divorce. Error to the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 19, 1908. Rehearing denied April 2, 1908.

MAX LUSTER, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error sued out to reverse a decree of divorce entered by a chancellor of the Superior Court of Cook county in favor of the defendant in error against the plaintiff in error. By the same decree a cross-bill of the plaintiff in error, praying for a divorce against the defendant in error, was dismissed.

The assignments of error are:

First, that the court erred in rendering the decree in favor of complainant, and in dismissing the cross-bill of defendant, no evidence being preserved in the record, there being no verdict of a jury, no admission of the material facts alleged in the bill by the answer, and no specific finding of jurisdictional facts in the decree.

Second, that the court erred in rendering a decree in favor of complainant, there being no finding in the decree that complainant had been a resident of the State of Illinois one year next before filing her bill, or that the offense or injury complained of was committed within this state, or that one or both the

parties resided in this state; nor is there any evidence preserved or a verdict of the jury finding any of such facts, nor are such facts or any of them admitted by the answer of defendant.

The case has been submitted to us on the brief and argument of the plaintiff in error alone, the defendant in error not having appeared.

The position of the plaintiff in error that the decree should be set aside is based entirely on the fact that there has been no certificate of evidence preserved in the cause, and that the findings of the decree as to the facts are only these: "That all the material facts alleged in the said bill of complaint are true, and that the defendant has been guilty of extreme and repeated cruelty towards the complainant in manner and form as charged in the complainant's bill of complaint."

It is insisted that, as this does not specifically find that the complainant was a resident of the state of Illinois for one year preceding the filing of the bill, nor that the offense or injury complained of was committed within or while one or both of the parties resided in this state, there are no sufficient findings to support the decree.

The finding that all the material facts alleged in the bill of complaint are true, it is said, is not sufficient. To this is cited Rump v. Rump, 94 Ill. App. 582.

In Rump v. Rump no specific findings were made. In the decree in the case at bar the specific cause of divorce, the allegation of which was contested, was found to have existed, and in order to support the decree it was in any event only the formal jurisdictional allegation of residence (which was uncontested by the answer) which need fall under the finding that "all the material facts alleged in the bill of complaint are true."

It is needless to say that a court will not be astute to find reasons in a case like this on a writ of error to upset a decree affecting marital relations, on the faith of which innocent parties may have acted. We are not

prepared to say, therefore, that the doctrine of Rump v. Rump *(supra)* applies to the present case. But if it does, we see no reason for vacating this decree. There is a specific finding therein that "the defendant has been guilty of extreme and repeated cruelty towards the complainant *in manner and form as charged in the complainant's bill of complaint.*"

The charge in the bill of complaint is that "on or about the first of October, 1903, *in the city of Chicago,* the complainant again went to live with the said *John Milashawskis* and continued to live with him as his wife until the 28th day of March, A. D. 1904,  *  *  * and that on or about the second day of September, 1903, *at their house,* the said John Milashawskis struck your oratrix a violent blow in her face with his fist, knocking her down, when he kicked and otherwise greatly injured her, and that afterwards, on or about the fourteenth day of March, 1904, and every day thereafter until the twenty-eighth day of March, A. D. 1904, the said John Milashawskis attacked your oratrix *in their said house,* and beat and choked her and forced her *out of said house.*"

We think this is a charge that the acts of cruelty were committed in this state, and that as the decree found that they were committed *in manner and form as charged in the bill of complaint,* the jurisdiction sufficiently appears, especially as the answer makes no denial of it, and the cross-bill of the defendant, which was dismissed, sets up his actual residence in the city of Chicago at the time he filed it, and for more than a year preceding.

The decree of the Superior Court is affirmed.

*Affirmed.*