## Lippincott's Estate.

*Contract—Consideration—Subscription to the erection of a church.*

A subscription in writing to the erection of a church made by a decedent in her lifetime cannot be enforced, although there is oral evidence that she said that she would pay instalments at certain dates, where there is nothing to show that the agreement was made for a consideration, or that other subscriptions were made on the faith of it, or that the construction of the church was begun on the faith of it.

Argued April 28, 1902. Appeal, No. 9, April T., 1902, by Calvary Presbyterian Church of Canton, Ohio, from decree of O. C. Allegheny Co., Nov. T., 1900, No. 75, sustaining exceptions to adjudication in estate of Helen L. Lippincott, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

Before OVER, J., the auditing judge, the Calvary Presbyterian Church of Canton, Ohio, presented a claim for $1,000, based upon the following writing;

"CANTON, OHIO, Nov. 1, 1895.

"I hereby agree to contribute to the building fund of the Calvary Presbyterian Church, Canton, Ohio, the sum of one thousand dollars, to be paid as she directs in sums, part Nov. 1896, part in Dec. 1896, and other sums as she desires to the extent of $1,000, paying the same in monthly instalments of $ ———.

(Signed)              "HELEN L. LIPPINCOTT."

Accompanying this writing the claimant gave the testimony of Rev. Mr. Ferguson, who had solicited the subscription, to the effect that decedent had promised to pay $250 on each of the two dates mentioned in the writing.

The auditing judge allowed the claim.

Exceptions to the adjudication were sustained by the court.

*Error assigned* was in sustaining the exceptions and disallowing the claim.

*F. W. Miller*, with him *John S. Robb* and *Welty & Albaugh*, for appellant.—On behalf of the claimant we contend that the subscription is valid; that the full amount set forth in the instrument should be paid; that it was the intention of Mrs. Lippincott to pay that sum to the church to aid it in the construction of its building, and that the church relied upon her promise in good faith: Caul v. Gibson, 3 Pa. 416; Chambers v. Calhoun, 18 Pa. 13; Reimensnyder v. Gans, 110 Pa. 17; Barnard v. Cushing, 4 Metc. 230; Singerly v. Thayer, 108 Pa. 291; 2 Wharton on Evidence, sec. 1015; Greenleaf on Evidence, sec. 284; Beach v. First Methodist Episcopal Church, 96 Ill. 177; Helfenstein's Est., 77 Pa. 328; Presbyterian Church of Albany v. Cooper, 112 N. Y. 517; Wolf v. Carothers, 3 S. & R. 240; Dickson v. McGraw, 151 Pa. 100; Horne v. Petty, 192 Pa. 32; Kern v. Kaffel, 1 W. N. C. 105.

*John M. Freeman*, with him *James C. Boyer* and *Watson & McCleave*, for appellee.—The writing does not constitute an enforceable contract. It is an agreement to pay, reserving an absolute discretion in the promisor: Philadelphia v. River Front R. R. Co., 133 Pa. 134; Piano Mfg. Co. v. Ellis, 68 Mich. 101; Duffield v. Hue, 129 Pa. 94; Grandim v. Rochester German Ins. Co., 107 Pa. 31.

It is very important to keep in mind that this is a voluntary gift. Mrs. Lippincott received no consideration whatever for it, and she had the undoubted right when she made the subscription to fix the terms to suit herself: Singerly v. Thayer, 108 Pa. 291; Kreiter v. Miller, 1 Penny. 46; Union Canal Co. v. Antillo, 4 W. & S. 553; Zaleski v. Clark, 44 Conn. 218; Barnard v. Cushing, 4 Metc. 230; Brown v. Foster, 113 Mass. 136.

The testimony of Ferguson that Mrs. Lippincott promised to " pay $250 at each date and other sums within the year " was an attempt to prove a parol contemporaneous agreement which varied and contradicted the writing, and was incompetent.

OPINION BY WILLIAM W. PORTER, J., October 13, 1902:

In addition to the reasons given by the court below for refusing the claim of the appellant, another appears. Assuming

that the claimant had shown an unconditional promise by the decedent to contribute $1,000 to the erection of a church building by the claimant corporation, no consideration was shown to support the promise. Consideration is as essential in the case of a promise to give to a charity as in any other. The maxim ex nudo facto non oritur actio applies: Reimensnyder v. Gans, 110 Pa. 17; Helfenstein's Estate, 77 Pa. 331; Phipps v. Jones, 20 Pa. 264. Furthermore, the promise (even if assumed to be unconditional) was unsupported by proof that any other subscriptions were made by third parties or that anything was done by the church corporation upon the faith of the particular subscription made by the decedent. On the first point there is absolutely no proof. On the second the whole of the testimony is given by the pastor who procured the subscription. He says: "I don't recollect how many subscriptions we had, but a good many. Q. Was this church begun and completed upon the faith of these subscriptions? A. We would not have begun it if the subscriptions had not been made." This general statement (which might well be construed to refer to subscriptions other than that of the decedent), does not sufficiently prove that the building of the church was commenced on the faith of the promise of the decedent. It required more evidence than this to convert a bald promise without consideration, into an obligation enforceable on the ground of estoppel. The proof should have risen to the level of showing that the identical promise or subscription made by the decedent moved the church corporation at least in part, to the prosecution of the contemplated work of church building. See Reimensnyder v. Gans, supra. It is to be observed that no officer of the church corporation was called to testify as to knowledge of the decedent's promise on the part of the corporation, or that any corporate action was taken or obligation incurred on the faith of anything that the decedent had written or said. It must be concluded then that neither on the ground of a promise made for a consideration nor on the ground of estoppel can the promise of the decedent, given some years before her death, be now enforced against her estate.

This much has been said without reference to the peculiar character of the writing containing the promise. On its face no legal liability appears. It is a promise to subscribe to the

building of the church. With this, however, is coupled a clear reservation by the promisor of the right to fix the time of payment. The paper, therefore, creates no more than a moral obligation: Nelson v. Von Bonnhorst, 29 Pa. 352; Singerly v. Thayer, 108 Pa. 291. To relieve the document from the effect of the reservation, the pastor of the church who procured the subscription says that (at a date not definitely fixed), the decedent said that "she would pay $250 at each date and other sums within the year" 1897, the paper indicating that in November and December, 1896, the signer might make payments on account. Assuming that this testimony was admissible, and that it stripped the paper of its illusory character and converted it into an agreement to pay, the agreement as thus amended was not shown to have been made for a consideration, nor was it shown that, on the faith of it as amended, other subscriptions were made, or that on the faith of it the church construction was begun by the claimant corporation.

The decree of the court below must be and it hereby is affirmed.