## In Re: Estate of Thomas P. Walsh, Deceased. Appeal of P. F. Fitzpatrick.

*Contracts—Subscriptions—Consideration—Decedents' estates.*

A claim against a decedent's estate for a subscription to an educational campaign will be disallowed in the absence of any evidence other than the subscription pledge and the proof of a payment on account. Such evidence is not sufficient to support the claim.

A test of good consideration is whether the promisee at the instance of the promisor has done, forborne or undertaken to do anything real, or whether he has suffered any detriment or whether in return for the promise he has done something that he was not bound to do or has promised to do some act or has abstained from doing something.

*Wills—Contest of will—Contest of claim.*

The contest of a claim against a decedent's estate is not within the provision of a will that if the will were contested the estate should go to charity, where the claim was not under the will but under a contract made by the decedent.

Argued April 30, 1928. Appeal No. 1563, April T., 1928, by legatee from decree of O. C., Allegheny County, No. 130, December T., 1927, In re: Estate of Thomas P. Walsh, deceased, appeal of P. F. Fitzpatrick. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Exceptions to adjudication. Before TRIMBLE, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Legatee appealed.

*Error assigned,* was among others, the decree of the court.

*A. Leonard Balter,* and with him *Ben Paul Brasley,* for appellant.—A subscription for public or charitable objects is invalid, unless some act is done or expense incurred on the faith of the subscription. There was not sufficient evidence to support the claim: Lippincott's Estate, 21 Pa. Superior Ct. 214; Converse's Estate, 240 Pa. 461; Pearsoll v. Chapin, 44 Pa. 9.

*A. J. Loeffler,* of *Schreiner & Loeffler,* for appellee. —The subscription having been accepted, the obligation arising from such acceptance constitutes a valid consideration for the subscription: Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361; Helfenstein's Estate, 77 Pa. 328.

OPINION BY TREXLER, J., July 12, 1928:

At the audit of the Estate of Thomas P. Walsh, deceased, a claim was presented founded upon the following pledge. "Pittsburgh, Pa. February 5, 1924.

Rt. Rev. Bishop:—I hereby pledge myself to pay $1,000 towards the Educational Campaign to be paid in five years. (Signed) Thos. F. Walsh, St. Richards Church, Pittsburgh, Pa.'' An endorsement, July 17, 1924, one payment—$400, not in the handwriting of the subscriber, is admitted to correctly represent a payment on account.

The above paper was offered in evidence and Walsh's handwriting was proven. Objection was made . that it had not been shown that this pledge constituted a legal obligation of Thomas P. Walsh, nor was there any testimony to show any consideration for it. The court, without further proof, allowed the claim. We think this was error. In the opinion filed, the judge speaking for the court en banc, states that the reason for allowing the claim without proof other than its making was that the subscriber was morally indebted to pay the amount due and that his payment of two-fifths of his pledge relieved the claimant from proving consideration. We think that the payment on account does not add anything to the binding force of the subscription. If the original subscription was without consideration to support it, the payment on account would not prove it.

It is settled that a subscription of the character of that which we have here cannot be enforced unless there is consideration supporting it. Such consideration will be found in the subscriptions made by others to the common object, or in the fact that the purpose of the subscription has been furthered and money spent, or at least a contract made on the faith of it. Thus in Lippincott's Estate, 21 Pa. Superior Ct. 214, this court held to make a valid subscription, it must be for a consideration of other subscriptions having been made to the common object, or that on the faith of the subscription that construction was begun to carry out its purpose. This principle has been recognized in Converse's Estate, 240 Pa. 458. It was there

held that Mr. Converse's promise 'by reason of the other subscriptions induced thereby became a contract based upon a valuable consideration the fulfilment of which might be as well performed by his representatives after his death as by himself." This principle is again stated in U. of Pa.'s Trustees v. Coxe's Exrs., 277 Pa. 512. The Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361, is cited as opposed to this principle, but an examination of that case does not bear out the theory that the mere acceptance of a subscription is a sufficient consideration unless by such acceptance an obligation is assumed. In said case, Justice THOMPSON states, "A test of good consideration is whether the promisee at the instance of the promisor, has done, forborne or undertaken to do anything real, or whether he has suffered any detriment or whether in return for the promise he has done something that he was not bound to do or has promised to do some act or has abstained from doing something."

The trouble in this case is that the record is absolutely bare of any testimony showing the disposition of the money or the nature of the object to which it was given,—whether the "Educational Campaign" was carried through to a successful completion or money expended for the purpose intended or some action taken in reliance on the subscription. The only thing before us is the pledge and proof of its signing and the payment on account, and, as stated before, if there was no consideration to support the original contract, ratification will not make it any better.

The fact that there was a clause in the will which provided that there should be no contest and that if any arose his estate should go to charity, did not in our opinion prevent Fitzpatrick, the sole legatee, from contesting this claim for the claim is not under the will, but under the contract made by decedent. Had

this been a bequest to the Educational Campaign, a different question might be presented.

We share the view taken by the lower court that the proper thing for the sole legatee to do was to make no objection to the claim, but we are bound to require the proof in support of the claim which is indicated by the decisions. However, it was asserted at the argument that there would be no trouble to prove that others had subscribed to this common object and that money had been expended in its prosecution. We are compelled to reverse the case, but will give the claimant an opportunity of producing further proof.

The judgment is reversed and the record remitted to the Orphans' Court to the end that further testimony may be heard in the matter if any be offered.