## Young Men's Christian Association v. Buckland

*James H. Egan,* for plaintiff.
*Julian W. Barnard,* for defendant.

CORSON, J., August 2, 1935.—On May 22, 1926, the defendant, William S. Buckland, executed a subscription to the plaintiff in the amount of $10,000, upon the express consideration of "other subscriptions and contributions and the undertaking of the Young Men's Christian Association of Norristown, Pa., in contracting to erect and equip a new building; to liquidate the present mortgage of sixty thousand dollars, and to purchase a boy's camp site".

Defendant, in his affidavit, admits the execution of the instrument and that the plaintiff complied with its part of the agreement so far as it is set forth in the subscription agreement. Defendant sets forth as new matter what he alleges to be an oral contemporaneous agreement entered into between himself and the association, through the president and secretary thereof, under which it was agreed that the plaintiff association would purchase all the slag necessary for the building upon the camp site, to be erected by the plaintiff, from the Philadelphia Slag Company, of which company defendant was a majority stockholder. Defendant alleges that this was the real consideration which induced him to sign the subscription

contract. Defendant further avers that, plaintiff having failed to keep its part of the bargain, defendant is not liable upon his part of the contract.

The sole question would seem to be whether or not such alleged oral contemporaneous agreement is a valid defense. While many theories have been set forth by the courts in upholding subscription agreements to charitable and similar organizations, yet some courts have been frank enough to say that such contracts should be upheld purely as a matter of public policy. The courts of Pennsylvania, however, have apparently not gone so far in upholding such contracts. Pennsylvania courts have stated that such contracts are favored in law as calculated to foster and encourage public and quasi-public enterprises. As a matter of public policy, courts are desirous that subscribers should not evade their deliberate promises of contributions and their tendency therefore is to adopt such a rule as will sustain the subscription as a legal obligation. Thus in some instances, though no other consideration for the promise existed, a sufficient consideration has been found in the promises of associate subscribers: Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361. See also Walsh's Estate, 93 Pa. Superior Ct. 566, and numerous cases therein cited.

The question in the present case, however, is not so much lack of consideration as the question of whether or not full consideration was expressed in the writing. Ordinarily parol testimony is admissible to show the full consideration of a contract: Killeen's Estate, 310 Pa. 182; Piper v. Queeney, 282 Pa. 135.

Apparently this rule is not for the purpose of changing the terms of the contract but, as is said in the Piper case, such testimony is admissible "so long as nothing is permitted to be proved that is 'directly inconsistent' with the consideration named in the instrument itself [citing cases] or which directly changes the character of the writing or its covenants".

In the present case, the oral agreement imposes conditions which if permitted to be shown may nullify the written contract. One of the leading cases upon the question of such parol testimony is Gianni v. R. Russell & Co., Inc., 281 Pa. 320, 323, where the court said:

"The writing must be the entire contract between the parties if parol evidence is to be excluded and to determine whether it is or not the writing will be looked at and if it appears to be a contract complete within itself 'couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing': Seitz v. Brewers' Refrigerating Machine Co., 141 U. S. 510, 517."

In the case of Union Storage Co., for use, v. Speck, trading as Economy Distilling Co., 194 Pa. 126, 133, the court said:

". . . all preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract . . . and 'unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence' ".

Another obstacle in sustaining the contention of the defendant is the fact that under some decisions part of the consideration of a subscription may be the subscriptions of other subscribers, and there are therefore more than two parties to each subscription. In this case it would seem that the subscribing defendant and the plaintiff Young Men's Christian Association could not enter into a parol agreement affecting or changing the written subscription from the defendant to the plaintiff without the other parties subscribing to the common purpose upon the common consideration being made parties to such parol agreement. When a subscriber makes an unconditional written subscription, his conduct may be the in-

ducement of other subscriptions by other subscribers who otherwise would not have contributed, and a subscriber should not be permitted to shield himself under a private understanding making his promise conditional. See George et al. v. Harris, 4 N. H. 533; 25 R. C. L. 1407, sec. 13. See also Howell v. The Trustees of the Methodist Episcopal Church, 61 Ill. App. 121; First Evangelical Lutheran Church v. Gardner, 28 Pa. Superior Ct. 82; Ryerss v. The Trustees of the Presbyterian Congregation of Blossburg, 33 Pa. 114; Coil v. The Pittsburgh Female College, 40 Pa. 439.

However, some of the authorities cited are from jurisdictions other than Pennsylvania, and it has been said many times by the appellate courts of Pennsylvania that summary judgment should not be entered upon the pleadings unless the right of the plaintiff to such judgment is clear. In view of that fact and the further fact that the suit is based upon a charitable subscription and not upon an ordinary business transaction, we feel that the defendant should be allowed his day in court even though upon the evidence it may at that time become necessary to give binding instructions in favor of the plaintiff.

And now, August 2, 1935, the plaintiff's rule for judgment for want of a sufficient affidavit of defense is discharged, and the plaintiff is directed to file a reply to new matter set forth in the affidavit of defense.

From Aaron S. Swartz, Jr., Norristown.