## Brooks Estate

*Bernard Mendelsohn*, for accountant.
*George B. Balmer*, for claimant.

Muth, P. J., May 9, 1966.—Decedent, David Brooks, died on November 5, 1964, testate and leaving to survive him his wife, Erma Brooks, to whom he was married on May 28, 1941. . . .

A claim has been presented by the Reading Hospital for the balance due upon a promised contribution to the Reading Hospital Building Fund in the sum of $2,250. Claimant, in establishing proof of the claim, relies upon a written declaration of decedent, David Brooks, M.D., that in consideration of the gift of others, "it is my/our intention to give to the Reading

Hospital Building Campaign the sum of $2,500.00".
Further, the written declaration contains the statement: "I desire this gift may be paid over a five year period". Decedent paid $250 on account of his gift.

In addition to the written evidence referred to, counsel for claimant stated before the court that other persons contributed to the building fund referred to, and that the written declaration of decedent constitutes an enforceable contract against his estate.

Claims against the estate of a decedent must be established by proof that is clear, certain and definite: Snively Estate, 154 Pa. Superior Ct. 437. The proof must be as definite and precise as is required to recover a debt in an action at law: Moore Estate, 349 Pa. 236.

While the written promise of decedent to make a contribution to the building campaign of the Reading Hospital refers to the consideration of the gift of others, it actually amounts to a written promise or declaration of intent to pay a certain sum of money to the hospital. The fact that other people did the same and that a portion of the hospital was erected from funds derived in this manner does not provide that degree of mutuality which is necessary to constitute consideration for a promise which ripens into an enforceable contract. The promise to contribute cannot be enforced unless there is consideration: Reimensnyder v. Gans, 110 Pa. 17. Mere proof of a written pledge and payment on account is insufficient proof of a binding obligation: Walsh Estate, 93 Pa. Superior Ct. 566. A mere intention to give to a charitable institution is insufficient to bind a decedent's estate: Field's Estate, 34 D. & C. 468.

The proof submitted on behalf of the Reading Hospital is insufficient in weight to meet the burden resting on claimant. Furthermore, the promise of decedent is without consideration, and the claim of the Reading Hospital is denied. . . .