## Charles Howell v. The Trustees of the Methodist Episcopal Church.

1. CONTRACTS—*Parol Evidence Not Admissible to Vary, etc.*—Parol evidence is not admissible to change the terms of a written agreement.

2. CONSIDERATION—*Failure of—Contract of Subscription.*—A person signing a subscription list for the erection of a church can not show the failure of the association to perform a contemporaneous collateral parol agreement in regard to the location of the church as a failure of the consideration of the contract of subscription.

Assumpsit, on a subscription list. Appeal from the County Court of Moultrie County; the Hon. ISAAC HUDSON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

### STATEMENT OF THE CASE.

Assumpsit by appellee against appellant upon subscription paper as follows:

LOVINGTON, ILL., JANUARY 11, 1894.

We, whose names do hereafter appear, do agree to pay to the trustees of the M. E. Church, of Lovington, Illinois, or to the one whom they may appoint to receive said money, the sum set opposite our respective names, for the purpose of erecting an M. E. Church in Lovington, Illinois, building to be a brick structure of modern church architecture.

Said money to be paid on or before August 1, 1894.

Julius Bicknell...................... $500 Pd.
John Poster........................ 300
C. Howell......................... 300

(Signed also by a number of other persons.)

Appellant filed general issue and several special pleas.

Demurrer was sustained to the third, fourth and ninth special pleas and exception saved. Said special pleas are as follows:

"3. And for a further plea in this behalf, the defendant says the plaintiff ought not to have its aforesaid action against him, the defendant, because he says, that the said several supposed causes of action in the two counts of said declaration mentioned are one and the same and not different causes of action. And defendant avers that the supposed instrument in writing in each of said counts mentioned was signed by the defendant as a voluntary act on his part; and before defendant signed said instrument it had been represented to him by the plaintiff that the church contemplated by said instrument was to be built on a lot in said Lovington then owned by the plaintiff, and on which an old church building owned by the plaintiff was then situated; that defendant, relying upon said representations as to the said site on which said new church was to be erected, and believing the same to be true, and for no other consideration whatever, signed said instrument in writing.

And defendant further avers that the plaintiff did not erect the church building contemplated by said written instrument on said site of said old church, but on the contrary thereof, the plaintiff erected the same on a new and different site, not owned by the plaintiff at the time the defendant signed said instrument in writing.  ·

And so the defendant says that the consideration upon which the said instrument in writing was signed by him has wholly failed.   And this the defendant is ready to verify, etc.   Wherefore, etc."

4.   "And for further plea in this behalf the defendant says the plaintiff ought not to have its aforesaid action against him, the defendant, because he says that the said several supposed causes of action in said two counts of said declaration mentioned are one and the same, and not different causes of action.   And the defendant avers that the said supposed instrument in each of said counts mentioned was signed by the defendant without any good or valuable consideration therefor.   And this the defendant is ready to verify, etc.   Wherefore, etc."

9.   "And for further plea in this behalf to the said third count in said declaration mentioned, the defendant, by his attorneys, Crea & Ewing, says *actio non*, because, he says, that before he signed said instrument it had been represented to him by the plaintiff that the church contemplated by said instrument was to be built on a lot in said Lovington then owned by the plaintiff on which an old church building owned by the plaintiff was then situated; that defendant, relying upon said representation as to the said site on which said new church was to be erected, and believing the same to be true, and for no other consideration whatever, signed said instrument in writing.

And defendant further avers that the plaintiff did not erect the church building contemplated by said written instrument on said site of said old church, but on the contrary thereof the plaintiff erected the same on a new and different site, not owned by the plaintiff at the time defendant signed said instrument in writing.

And so the defendant says that the consideration upon which the said instrument in writing was signed by him has wholly failed. And this defendant is willing to verify, etc. Wherefore, etc."

The appellant offered, as admissible under the general issue, proof of alleged statements of Rev. Mr. Brandon, pastor of the congregation, in the course of a sermon, and of other alleged statements when the subscription paper was signed, as to the proposed site of the church building set out in the pleas, but the court rejected such testimony and the appellant saved exceptions.

The jury returned a general verdict against the appellant for the amount of his subscription, and a special finding that appellant did not revoke his subscription before the trustees had expended money or incurred indebtedness in the prosecution of the work of erecting the building.

The court rendered judgment accordingly and appellant appealed.

CREA & EWING, attorneys for appellant.

JOHN R. & WALTER EDEN, attorneys for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The pleas three and nine purported to attack the consideration for the written undertaking, but in fact sought to set up in defense an alleged verbal condition of the contract in writing. The supposed failure of consideration is based wholly upon such alleged verbal condition.

It is a general elementary rule that parol evidence is not admissible to change the terms of a written agreement, and, though there are exceptions to the rule, we see nothing in the case at bar to bring it within any such exceptions.

In Trustees v. Hepley, 28 Ill. App. 630, parol evidence was admitted without objection and the point was not mooted in the Circuit or Appellate Court.

In Hall v. Berry, 78 Ill. 161, the action was by a surety who had paid a note of the principal against a co-surety, and

statements made by the principal to the sureties when their signatures were obtained to the note, were admitted in evidence, because, as the court expressly states, under the peculiar facts of the case the plaintiff was deemed to occupy the same position as the payer of the note.

In Churet v. Sweeny, 52 N. W. Rep. 546, there was no written evidence of the subscription or contributions and no reason why parol testimony should not be received.

The other authorities cited by counsel are but declaratory of the doctrine that a writing which is but in part performance of a verbal agreement does not render inadmissible parol testimony of the terms of the agreement.

Plea No. 4 was not good as against the averment in the declaration that the plaintiff, upon the faith of the subscription, had erected and completed a church building in accordance with the terms of the subscription.

The jury found specially that the appellant did not revoke his subscription, and counsel say that as there was a conflict of evidence upon the point they do not ask a review of that finding.

It is therefore not important to determine whether the court ruled correctly in passing upon instructions designed to advise the jury as to the effect of a revocation.

The other instructions complained of are in harmony with the action of the court in sustaining the demurrer to pleas Nos. 3 and 9.

The judgment must be and is affirmed.