## George M. Turner v. Fannie Turner.

1. ALIMONY—*Solicitors' Fees an Affair Between Complainant and Her Solicitors.*—Where a decree directed that the entire sum of alimony and solicitors' fees should be paid to the complainant, leaving her and her solicitors to settle as to the compensation they were to receive from her, the amount which the complainant had agreed to pay her solicitors was a thing with which defendant had nothing to do, nor is he responsible in case she has failed to perform any promise to them made.

Divorce.—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed. Opinion filed November 28, 1902.

The 20th of March, 1900, at the suit of Fannie Turner, a decree of divorce was entered against appellant, George M. Turner. This decree, among other things, provided that appellant should pay to Fannie Turner the sum of $350 as alimony and solicitors' fees; that this should be paid in installments and at the office of Bulger & Glass, who were solicitors for Fannie Turner. More than a year after the entry of this decree, namely, July 11, 1901, upon affidavit made by James R. Glass, July 9, 1901, a rule was entered requiring appellant to show cause why he should not pay solicitors' fees to solicitors for complainant, Fannie Turner, in said divorce proceeding, said solicitors being Bulger & Glass.

The affidavit being set forth that appellant had failed to pay the solicitors' fees agreed upon by and between the complainant and cross-defendant and the firm of Bulger & Glass, her attorneys, and that there remains unpaid to them the sum of $55 as solicitors' fees; that said appellant is a postman and earns a thousand dollars a year. In answer to the rule, appellant appeared and answered under oath that he had paid the whole sum of $350, and had fully complied with the terms of said decree; that he paid Bulger & Glass $95, and had paid $225 to Fannie Turner, and that she had released him from all claims under the said decree; that he

knew of no arrangement at any time whereby the said Bulger & Glass were to receive any particular sum of money; that he had paid the firm of Bulger & Glass $95 to be applied upon the $350, and had paid them altogether $120, having paid them $25 *pendente lite;* this being besides the $95 paid at their office after the decree of March 20, 1900, was entered.

Appellant also introduced the affidavit of Fannie Turner that he had paid her $255, and that she had given him a receipt in full for all claims against him and that she disclaimed all connection with any suit to collect solicitors' fees; that she demanded that appellant pay the sum of money to her, because her attorneys, Bulger & Glass, received the first $95 paid by appellant as alimony, and refused to give her any part thereof, and up to this time said Bulger & Glass had given her no part of the said $95; that the said Bulger & Glass, her attorneys, not regarding their promises to conduct her case for her for $25, after the decree was entered demanded the sum of $150 as a fee, which she refused to pay, but the said Glass said he would take it from the amount allowed by the court.

Upon consideration of these affidavits, the court ordered appellant to pay to Bulger & Glass the sum of $55 and refused to discharge the rule entered against him.

EDWARD E. WILSON, attorney for appellant; E. H. MORRIS of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The decree of the court requiring appellant to pay Fannie Turner the sum of $350 as alimony and solicitors' fees appears to have been fully complied with by him by the payment of $255 to her and $95 to her solicitors, which payment to her solicitors she has recognized, and given to him a receipt in full of all claims under said decree.

The only respect in which there has not been a complete,

technical compliance with the terms of the decree, is that therein was provided that the $350 should be paid in installments and at the office of Bulger & Glass. As the $350 has been paid in a manner with which the complainant, Fannie Turner, to whom the entire amount was to be paid, is satisfied, we do not think that the fact that the major portion of the $350 was not paid at the office of Bulger & Glass is material. No portion of the amount to be paid by appellant was to be paid to Bulger & Glass or either of them; all was to be paid to Fannie Turner. What sum, if anything, was to be received by Bulger & Glass from Fannie Turner, appellant did not know. By the terms of the decree a place was fixed at which appellant could make payment, but at that place the entire sum was to be paid to Fannie Turner. Doubtless the chancellor might have entered a decree directing that a certain sum should be paid to Bulger & Glass as solicitors, but the court did not. It directed that the entire sum be paid to Fannie Turner, leaving her and her solicitors to settle as to the compensation they were to receive from her. Under the terms of the decree the amount which the complainant, Fannie Turner, had agreed or ought to pay Bulger & Glass, her solicitors, was a thing with which appellant had nothing to do, nor is he responsible in case she has failed to perform any promise to them made. Holmes v. Hamburger, 67 Ill. App. 121.

The order of the Superior Court is reversed.