Pike v. Pike.

## Ruthven W. Pike v. Helen F. Pike.

### Gen. No. 12,039.

1. SOLICITOR'S FEES—*liability of divorced husband for, where services were rendered after decree.* Where legal services are rendered necessary after a decree of divorcement in the interests of the child of the marriage dissolved thereby, and for the purpose of effectuating such decree, the husband divorced thereby is liable and the court rendering such decree may fix such allowance and enforce the payment thereof.

2. SOLICITOR'S FEE—*form of order allowing, not. erroneous.* An order granting solicitor's fees to the wife and ordering payment thereof to her solicitor, is not erroneous.

Petition for allowance of alimony and solicitor's fees. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed December 8, 1905.

WELLS & BLAKELEY, for appellant.

KICKHAM SCANLAN, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This is an appeal from an order of the Superior Court of Cook County requiring appellant to pay or cause to be paid to the solicitor of appellee the sum of $100 for legal services rendered to appellee.

It appears from the record that after appellant had filed a bill for divorce against appellee and the trial of the cause was nearly concluded, an adjustment was arrived at between appellant and appellee, who were then living apart, and an agreement of separation was signed by them. Pursuant to that agreement appellee filed a bill against appel-, lant for separate maintenance, and a decree was entered embodying the provisions of the agreement between the parties.

By the terms of the decree, after providing for the support and maintenance of appellee and their only child, Ruthven W. Pike, Junior, then about five years of age, it was ordered that appellee have the custody, control and possession of the child for eight months of each year, and that appellant have the custody, control and possession of the child for four consecutive months in each year between June first and December first, notice of one week having been given to appellee, but that neither party should remove the child from the jurisdiction of the court without leave of court. It was further provided in the decree that either party should be at liberty to apply to the court, as circumstances may require, and for this purpose, and for the purpose of carrying out the terms of the decree, the court retained jurisdiction of the cause.

After the entry of the decree, counsel for appellee performed the following legal services in and about enforcing and carrying out the provisions of the decree.

On April 30, 1903, counsel for appellee appeared in court on the application of appellant for leave to take the child to the states of Michigan and Wisconsin. On November 10, 1903, he appeared in court on the application of appellee for leave to take the child to California. On May 1,

1904, he appeared in court on the application of appellant for leave to take the child to the states of Michigan and Wisconsin.   On June 1, 1904, he appeared in court on the application of appellant for leave to take the child to the states of Michigan and Wisconsin, etc.

On June 2, 1904, appellee filed her petition in said cause asking for an increase in her allowance as alimony to the sum of $200 per month and that she be allowed the sum of $100 for indebtedness for solicitor's fees incurred by her to her solicitor.   On June 21, 1904, appellee filed her amended petition setting out various additional grounds for an increase in her allowance and for the relief prayed by her, which are not material here.

Upon the hearing of the petition Mr. Kickham Scanlan gave evidence of the services which he had rendered in regard to the custody and care of the child, in obtaining leave of court to take the child to Wisconsin, Michigan and California, and that appellant had served notices upon him in those matters as the solicitor of appellee, and of the value of the services which he rendered.   From this evidence we conclude that $100 is not an unreasonable charge for the services rendered to the wife in the interest of the child.

Other services were rendered to the wife for which we think no allowance should be made against the husband. The court entered an order granting the relief prayed for as to the allowance for solicitor's fees, and denying the prayer for an increase in the amount of alimony.

Appellant contends that this order should be reversed, because by the voluntary agreement of the parties and the consent decree entered thereon their rights were fixed and appellee being bound thereby is not entitled to any additional solicitor's fees to those fixed and allowed in the original decree; and because the court cannot compel payment of solicitor's fees to anyone other than the wife herself.

It is not claimed in argument that the services of appellee's solicitor were not necessary or were not rendered, or that the amount allowed was not reasonable.   The only

question presented then is as to the power of the trial court
under the decree to make an allowance to appellee for solic-
itor's fees, and direct the payment of the same to Mr.
Scanlan, her solicitor.

We think the contention of appellant that the trial court
had no jurisdiction or power to make an allowance to ap-
pellee for solicitor's services made necessary by proper
applications to the court by both parties touching the care
of the child and his temporary removals beyond the juris-
diction of the court is without merit.    The decree clearly
contemplated that circumstances might arise which would
make it necessary to apply to the court for such orders as
might be required in carrying out the decree.    The needs
of the child in many particulars at different times in the
future could not be anticipated by the parties or by the
chancellor.    This was not attempted, but instead of at-
tempting to provide in advance for those matters the decree
reserved them for consideration from time to time, and
whenever a proper application might be made.    A proper
consideration for the welfare and education of the child, un-
der the circumstances, required the court to keep control of
the parties and the child for this purpose.    The reservation
of jurisdiction to adjudicate upon these matters was within
the law and reasonable.

Appellant is still liable, notwithstanding the decree for
separate maintenance for the support and maintenance of
his child and for his education.    He is likewise liable for
legal services rendered necessary, under the decree, to prop-
erly present the needs of the child to the court.    And as it
would be impossible for appellee to make applications to
the court or to properly answer applications made by ap-
pellant, without the assistance of counsel, it is only reason-
able in the exercise of a sound discretion, to award to ap-
pellee an allowance for legal services actually rendered in
such applications.    The fact that the decree was entered
by consent only affords an additional reason for requiring
appellant to bear the reasonable expenses attendant upon
the protection and enforcement of the rights of the parties

as therein adjudicated.   It would be unreasonable to require appellee to bear the burden of employing counsel to look after applications made to the court by appellant with reference to the child, such as are here shown, out of the allowance made to her by the decree.   There is nothing in the decree that requires such a construction to be put upon its terms and provisions.

The petition for the allowance of solicitor's fees was filed, presented and prosecuted by appellee and in her name. The allowance was upon the petition and in pursuance of its prayer.   In this very material and vital respect this case differs from Anderson v. Steger, 173 Ill. 112, where the attorney in his own behalf, and after the controversy in the case had been settled, moved the court for an allowance to him for solicitor's fees for services rendered to the wife. In effect the order before us makes an allowance to the wife.   The direction to pay the money to her solicitor does not change in any respect the effect of the record.   It could make no difference whether the money was ordered to be paid into appellee's hands or to her solicitor.   The order was not erroneous in this respect.

Many questions are argued in appellant's brief which we do not deem material.   We do not therefore discuss them.   The evidence on the divorce trial which preceded the present case and introduced on the hearing below, is wholly immaterial and without bearing on any question involved in this appeal, and hence we have not considered it.

Finding no error in the record, the order of the Superior Court is affirmed.

*Affirmed.*