# CASES

DETERMINED IN THE

# APPELLATE COURTS OF ILLINOIS

Louise Knaack, Appellee, v. Clifford Knaack, Executor of the Estate of Christian Knaack, Deceased, Appellant.

## Gen. No. 31,301.

1. DIVORCE—*suit money allowed on bill of review of decree.* Under Cahill's St. ch. 40, ¶ 16, providing for payment of attorney fees to a wife to enable her to maintain or defend a divorce suit, although a bill of review by a wife to set aside a divorce decree obtained by her husband is in the nature of an appeal, yet it is so far ancillary to the original suit for divorce as to be included in the spirit of the statute and to permit her to obtain suit money for the purpose.

2. DIVORCE—*to whom suit money should be paid.* The order of the trial court for payment of suit money in a divorce matter "to complainant's solicitor, for use of complainant," is erroneous under Cahill's St. ch. 40, ¶ 16, providing that such money shall be paid to the wife or into court for her use.

Appeal by defendant from the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. · Reversed. Supplemental opinion filed June 13, 1927. Original opinion filed April 6, 1927.

FISHER, BOYDEN, KALES & BELL, for appellant; THOMAS H. FISHER, of counsel.

HUGO RADAU, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

1

By this appeal the defendant executor seeks to reverse an order of the superior court of Cook county, requiring the now deceased, Christian Knaack, to ''pay to complainant's solicitor for use of complainant, $100 solicitor's fees.'' This order was entered by the trial court in the course of a bill of review proceeding, by which the complainant sought to have a decree of divorce, which had been procured against her by her husband, Christian Knaack, vacated and set aside.

The complainant, Louise Knaack, filed a bill for divorce against her husband. He then filed a cross-bill. That case went to a hearing and resulted in a decree granting the husband a divorce on his cross-bill. This decree was entered on December 29, 1925. At the following term of the trial court, namely, on January 29, 1926, the complainant filed her ''bill in the nature of a bill of review to impeach decree for fraud,'' wherein she sought to have the decree of divorce, which her husband had secured, vacated and set aside, on the ground that neither the complainant nor her solicitor had received any notice that the divorce case had been placed upon the trial calendar, and for that reason she had not been present in court at the time the divorce case was reached and heard and the decree, in favor of her husband, awarded.

The defendant, Christian Knaack, filed his answer to the bill of review and on the same day complainant made a motion for temporary alimony and solicitor's fees, and also that her husband be required to deliver certain wearing apparel to her, and that the cause be placed on the trial calendar. The court continued the motion for temporary alimony and the motion involving the wearing apparel; ordered that the cause be placed on the trial calendar for hearing, and further ordered that the defendant ''pay to complainant's solicitor for use of complainant $100 solicitor's fees.'' The defendant prayed an appeal from the latter order, involving solicitor's fees, which was allowed. Subse-

quently, Christian Knaack died and Clifford Knaack, as executor of his estate, was substituted as party defendant in this cause, for the purpose of prosecuting the appeal.

The right of complainant in this case, to solicitor's fees, rests upon the provisions of section 15 of the Divorce Act, Cahill's St. ch. 40, ¶ 16. That section provides that: "In all cases of divorce the court may require the husband to pay to the wife, or pay into court for her use during the pendency of the suit, such sum or sums of money as may enable her to maintain or defend the suit; and in every suit for a divorce, the wife, when it is just and equitable, shall be entitled to alimony during the pendency of the suit. And in case of appeal or writ of error by the husband, the court in which the decree or order is rendered, may grant and enforce the payment of such money for her defense, and such equitable alimony during the pendency of the appeal or writ of error, as to such court shall seem reasonable and proper." The appellant contends that the present proceeding, in the nature of a bill of review, seeking to vacate a decree of divorce, is not in itself "a case of divorce" within the meaning of that phrase, as used in the first part of section 15, but that it is a proceeding in the nature of an appeal or writ of error, which is covered by the latter part of section 15, and, therefore, that she is not entitled to solicitor's fees under the statute, which only provides an allowance for solicitor's fees "in case of appeal or writ of error by the husband," and not where the wife is the moving party in the appeal or writ of error.

It is no doubt true that in some sense a bill in the nature of a bill of review, in which it is sought to vacate a decree of divorce previously entered, is a proceeding in the nature of an appeal or writ of error. But we are of the opinion that such a proceeding must be considered as so far ancillary to the original suit for divorce as to be included within the spirit and

terms of the statute providing for the payment of alimony and solicitor's fees "in a case of divorce," as was held in the case of *Elzas v. Elzas*, 83 Ill. App. 523; 183 Ill. 160. In that case this court said: "It would be inconsistent to suppose that it was intended" (by the statute) "to thus protect her interests and rights on the original trial and to leave her helpless to protect them when attacked by a bill presented to the same court, the purpose of which was solely to reverse the decree of divorce rendered in the original suit. The language of the statute is broad; it being 'in all cases of divorce' that the provision is made to apply. We hold, therefore, that this proceding" (a bill of review seeking to have a divorce decree vacated) "is 'a case of divorce,' within the spirit and terms of the statute, and that upon the appeal in such proceeding the court had power to enter the order for payment of solicitor's fees." In the *Elzas* case, a wife sued her husband for divorce and a decree was entered in her favor. Thereafter, the husband presented his petition for leave to file a bill of review, seeking to vacate the decree of divorce because of error of law apparent on the face of the record and because of newly-discovered evidence. Upon a hearing of the petition the court denied the leave prayed for and dismissed the petition. The husband perfected an appeal from that order. Thereafter, the court ordered the husband to pay his wife $200, as and for her solicitor's fees to enable her to defend the appeal. The husband then perfected his appeal from the order for solicitor's fees. The question in that case, therefore, involved the right of the wife to solicitor's fees from the husband, in connection with his appeal from an order entered in the bill of review proceeding. That right was controlled by the provisions of the latter part of section 15, of the Divorce Act. To entitle the wife to solicitor's fees under those provisions, it was necessary that the appeal be an appeal from an order entered in "a case of

divorce.'' It was the contention of the husband in that case that a bill of review, seeking to vacate a decree of divorce, was not ''a case of divorce,'' but was a separate, original proceeding in equity. In the course of its opinion in the *Elzas* case, the Supreme Court referred to some of the features of original bills and bills not original and the distinctions between the two, and called attention to another class of bills, which are of a mixed nature and sometimes partake of the character of both original bills and bills which are not original, an example of the latter being bills of review brought for the purpose of vacating a decree which the court said were ''considered as strictly a continuance of the former bill, but (also) in the nature of original bills.'' The court pointed out that the end to be subserved by a bill of review grounded on newly-discovered evidence is not to be distinguished from that designed to be accomplished by a petition for rehearing, the latter being appropriate prior to the entering of the decree or within the term at which the decree was entered, and the former method being appropriate after the term at which the decree was entered, and that ''such a petition was a part or continuation of the original suit, and so, a bill for review for newly-discovered facts, is not different in its nature or effect.'' The court held that the bill of review in that case involved the determination of the marriage relation by a decree of divorce, ''and, whether technically classified as a bill not an original bill or a bill in the nature of an original bill, its connection with and effect upon the continuation of the marriage relation between the parties is so unmistakable that it must be regarded as a 'case of divorce,' within the meaning of those words as employed in our statute.''

The court did not decide in the *Elzas* case, as contended by counsel for the defendant, that a bill of review proceeding is not only a ''case of divorce'' but that it is also an appeal within the meaning of sec-

tion 15 of the Divorce Act. The court there was called upon to decide as to the validity of an order against a husband, for solicitor's fees, to enable his wife to defend against her husband's appeal from an order entered in the trial court, in a bill of review proceeding. Such an order would not be valid unless the proceeding in the trial court in which the order had been entered, from which the husband was appealing, was "a case of divorce." The court held that it was, but it did not hold that the proceeding in the trial court was also in the nature of an appeal. No such question was presented in that case.

Of course, if the bill of review proceeding in the circuit court, which was involved in the *Elzas* case, was "a case of divorce" within the meaning of section 15 of the Divorce Act, so as to warrant the entering of an order against the husband for solicitor's fees, in connection with his appeal from an order entered in that proceeding, under the latter part of section 15, it would follow that the bill of review proceeding was "a case of divorce" such as would make an order for either temporary alimony or solicitor's fees proper, in the circuit court, under the first part of section 15 of the Divorce Act. Whereas, in the *Elzas* case, an order for solicitor's fees, on appeal of the husband, from an order entered in the bill of review proceeding, was before the court, in the case at bar there is involved an order for solicitor's fees entered in the original proceeding in the trial court and having no connection with an appeal by either party.

The bill filed by the complainant, in the nature of a bill of review wherein she sought to vacate the decree of divorce, was based on an alleged situation which would have been the proper basis of a motion or petition for a rehearing if made within the term at which the decree was entered. The proceeding was one that affected the regularity of the original decree. We are, therefore, of the opinion that the proceeding involved

in the case at bar is similar to the proceeding in the trial court in the *Elzas* case, and that, as in that case, it must be considered as "a case of divorce," within the meaning of the provisions of section 15. The right of the wife to an order for solicitor's fees is governed by the provisions of the first part of section 15, rather than the latter part. That being the case, the trial court had the power to make an order for solicitor's fees.

But, the order appealed from cannot stand for another reason. The trial court erred in directing the amount specified to be paid "to complainant's solicitor, for use of complainant." *Anderson v. Steger*, 173 Ill. 112; *Callies v. Callies*, 91 Ill. App. 305; *Lynch v. Lynch*, 99 Ill. App. 454; *Miles v. Miles*, 102 Ill. App. 130; *Werres v. Werres*, 102 Ill. App. 360; *Harris v. Harris*, 109 Ill. App. 148; *Anderson v. Anderson*, 124 Ill. App. 613; *Kowalski v. Kowalski*, 127 Ill. App. 154; *Prise v. Prise*, 197 Ill. App. 609; *Heizer v. Heizer*, 207 Ill. App. 126. The statute distinctly provides that a husband may be required to pay such sum of money as may enable the wife to maintain or defend her suit, "to the wife" or "into court for her use." The order appealed from in the case at bar was not brought within the provisions of the statute, by requiring that the amount specified in the order be paid to complainant's solicitor "for use of complainant."

For the reasons we have given, the order of the superior court is reversed.

*Order reversed.*

Taylor, P. J., and O'Connor, J., concur.

Supplemental Opinion Filed on Petition For Rehearing.

We have heretofore, on the sixth day of April, 1927, filed an opinion in this case. On April 16, 1927, a petition for rehearing was filed by the plaintiff, which petition was duly allowed. After a re-examination of

the issues presented, and the cases to which our attention has been called, we have concluded not to alter the decision which we announced in the opinion above referred to. Such decision and opinion are, therefore, hereby reaffirmed.

In addition to the foregoing, we would say, as to the cases of *Turner v. Turner,* 104 Ill. App. 253, and *Pike v. Pike,* 123 Ill. App. 553, referred to in the petition for rehearing, that we find nothing in the *Turner* case, contrary to what we have said in our opinion heretofore filed, beyond a parenthetical remark made by the writer of the opinion in the *Turner* case, which had nothing to do with the issue there involved; and, further, that we are unable to agree with the holding in the *Pike* case. The wording of the statute, with reference to the payment of solicitors' fees by a defendant in a divorce case, is entirely clear, and there should be no difficulty about complying with the requirement which the statute makes, and that was not done in the case at bar.

For the foregoing reasons, and those set forth in the opinion previously filed, the order of the superior court is reversed.

*Order reversed.*

TAYLOR, P. J., and O'CONNOR, J., concur.