JUNE GARMISA, Plaintiff-Appellant, v. LEONARD GARMISA, Defendant-Appellee.

(No. 55806; 

First District—January 28, 1972.

Jerome Berkson, of Chicago, for appellant.

Altheimer, Gray, Naiburg & Strasburger, of Chicago, (Alan J. Altheimer, Lionel G. Gross, Norman M. Gold, and Kenneth R. Gaines, of counsel,) and Rinella & Rinella, of Chicago, (Owen Doss, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal from an order denying plaintiff equitable alimony and attorney's fees during the pendency of plaintiff's appeal and defendant's cross-appeal from a judgment in a Section 72 proceeding.

The parties executed a property settlement which was incorporated in a decree of divorce entered on February 11, 1969. On July 31, 1969, plaintiff filed a petition under Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) to vacate the settlement agreement. On May 25, 1970, the court partially vacated the settlement by reinstating plaintiff's previously waived right to apply for alimony. Plaintiff filed an appeal from that order on June 23, 1970, contending that since the court found fraud the entire property agreement should have been set aside. Defendant cross-appealed urging that the finding of fraud was erroneous. The case was docketed as No. 55356. On July 2, 1970, plaintiff filed a petition for alimony pursuant to the modified decree of May 25, 1970, and for attorney's fees for presentation of the petition. Defendant moved to dismiss this petition on the ground that the modified decree had been appealed by plaintiff and therefore plaintiff was estopped from attempting to gain benefits from one portion of a decree while appealing from another portion thereof. Thereafter, on July 29, 1970, plaintiff filed a supplemental petition for equitable alimony pending defendant's cross-appeal and attorney's fees to defend against the cross-appeal. On September 17, 1970, the court denied defendant both equitable alimony pending the appeal and attorney's fees to prosecute the appeal and defend against the cross-appeal. After additional memoranda were filed, the court reaffirmed its earlier ruling stating that "this is not an appeal from a decree for divorce but is an appeal from an order entered in a separate Section 72 proceeding."

Plaintiff contends that an appeal from a Section 72 proceeding in which a property settlement was partially vacated is a case of divorce, as contemplated under Section 15 of the Divorce Act and that she is entitled to equitable alimony pending appeal and suit money to defend against defendant's cross-appeal. Defendant argues that the court properly found that Section 15 is not applicable.[1]

Plaintiff predicates her argument on *Elzas v. Elzas,* 83 Ill.App. 523, affirmed 183 Ill. 160. In that case the husband filed a bill of review attacking the decree of divorce granted to the wife. After an unfavorable decision the husband appealed and the wife obtained an allowance of attorney's fees under Section 15 of the Divorce Act to defend the appeal. The husband appealed that order and both the appellate and Supreme Courts affirmed.

---

[1] Section 15 of the Divorce Act, Ill. Rev. Stat. 1969, ch. 40, par. 16, provides in relevant part: "In case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper."

In *Knaack v. Knaack,* 245 Ill.App. 1, also relied on by plaintiff, the same principle was favorable discussed although the solicitor's fees there sought were for a defense against the bill in the nature of a bill of review in the trial court. (The fees were denied on other grounds.)

Although bills of review and bills in the nature of bills of review were abolished by Section 72(1) of the Civil Practice Act, (Ill. Rev. Stat. 1969, ch. 110, par. 72(1) ), the relief theretofore obtaintable under those actions remained available. Therefore *Elzas* and *Knaack* can be favorably considered in proceedings under Section 72 which seek to vacate a judgment terminating the marriage relationship.

In *Elzas* the party seeking the vacatur of the original decree sought to vacate the entire decree of divorce. More specifically, the plaintiff-appellant had sought to affect the marital status of the parties, the very substance of a divorce action. The Supreme Court emphasized this fact in concluding that the bill of review was in the nature of a "case of divorce" and therefore within Section 15 of the Divorce Act. The court stated at page 163:

"The bill of review in this case involves the *determination of the marriage relation* by decree of divorce, * * *, its connection with and effect upon the continuation of the marriage relation between the parties is so unmistakable that it must be regarded as a "case of divorce," within the meaning of those words as employed in our statute." [Emphasis supplied.]

The appellate court (*Elzas v. Elzas,* 83 Ill.App. 523) had also relied heavily on the fact that the plaintiff-appellant had sought to vacate the entire decree. It stated at page 527:

"We are disposed to hold that this proceeding, which is an effort to review and reverse a decree of divorce, is within the spirit and intent of the statute. It can scarcely be doubted that the intent of the general assembly was to provide * * * for the necessities of the wife during any suit *for the determination of the marriage relationship* and to empower the court to compel the husband to furnish to the wife such sums as might be necessary to enable her to protect her rights in any such litigation." [Emphasis supplied.]

In the instant case plaintiff's Section 72 petition did not seek to alter the marital status of the parties. Rather, she merely sought to vacate that part of the divorce decree which related to the property settlement.

A property settlement, standing alone, is merely a contract between the parties. One who seeks to vacate only the property settlement provisions in a divorce decree is in the same position as a person seeking to set aside an ordinary contract. As the court stated in *Smith v. Smith,* 334 Ill. 370, at 378:

"The consent decree [with respect to the property settlement provisions therein] did not affect the question of divorce, which is beyond the power of the parties to adjust by agreement or collusion. As a contract it is binding on the parties unless induced by fraud. If so, it must, like any other contract, be attacked by some method recognized by courts of equity for relief from fraud."

See also *Kohler v. Kohler*, 326 Ill.App. 105.

We believe that the proceeding below was not a "case of divorce" but merely an attempt by plaintiff to vacate a contract she had entered into with the defendant. For this reason we conclude that Section 15 of the Divorce Act is not applicable and therefore plaintiff is not entitled to attorney's fees to defend against defendant's cross-appeal or equitable alimony during the pendency of the appeal.

The judgment denying plaintiff equitable alimony and attorney's fees is affirmed.

Judgment affirmed.

ENGLISH and STAMOS, JJ., concur.