2021 IL App (1st) 200392-U

No. 1-20-0392

Second Division
February 23, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| | ) | Appeal from the |
| HASSAN A. MUHAMMAD, | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 15 CH 9224 |
| | ) | |
| CITIZENS BANK, MB PROPERTY | ) | |
| INSPECTION, and CORONA | ) | Honorable |
| INVESTMENTS, | ) | Neil Cohen |
| | ) | Judge, presiding. |
| Defendants-Appellees. | ) | |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1   *Held*: Appeal dismissed for lack of jurisdiction where the orders appealed from did not contain Rule 304(a) findings and were subject to a pending motion to reconsider in the circuit court.

¶ 2   Plaintiff-Appellant, Hassan A. Muhammad, appeals *pro se* from the circuit court's orders granting summary judgment in favor of defendants-appellees, Citizens Bank (Citizens), MB Property Inspection (MB), and Corona Investments (Corona). This action stems from plaintiff's

claims of wrongful eviction from a property located at 7713 S. Winchester Avenue in Chicago (the property). Following protracted litigation and discovery, all named defendants were granted summary judgment. On appeal, plaintiff argues that the circuit court erred in granting summary judgment because there were genuine issues of material fact as to whether any of the defendants changed the locks and boarded up the property on November 4, 2014, and April 20, 2015. For the following reasons, we dismiss this appeal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4       We initially note that the record before us consists only of the common law record. Plaintiff did not file a transcript, bystander's report, or agreed statement of facts of any of the trial court proceedings. The lack of a report of proceedings is significant because plaintiff has made allegations in his brief that the trial court threatened to lock him up for bringing to light the court's premature ruling on MB's motion for summary judgment. It is the appellant's burden to furnish the reviewing court with a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts that may arise from the incompleteness of the record will be resolved against the appellant. *Id.* at 392. Nonetheless, we find that the common law record contains sufficient facts for us to dispose of this appeal.

¶ 5       Prior to initiating the instant action, plaintiff was a defendant in a foreclosure action involving the property. *Citizens Bank, N.A. f/k/a RBS Citizens, N.A. v. Hassan A. Muhammad a/k/a Hassam Muhammad, et. al.*, No. 09 CH 001216. On January 20, 2015, judgment for foreclosure and sale was entered. On April 2, 2015, the court denied plaintiff's motion to vacate. On June 30, 2015, an order approving report of sale and distribution, confirming sale, and order of possession was entered, which granted possession of the property to the successful bidder 30 days after entry

of the order and directed the sheriff of Cook County to evict and dispossess plaintiff ~~from~~ of the property thirty days after entry of the order.

¶ 6    On June 11, 2015, plaintiff, who proceeded *pro se* in the instant action at all times, filed a five-count complaint in the circuit court against Citizens Bank, Codilis & Associates, MB Property Inspection SVC, and Mortgage Bankers Field Services. The complaint alleged wrongful eviction based on events occurring on November 4, 2014 (count I) and April 20, 2015 (count II), constructive eviction (count III), breach of the covenant of quiet enjoyment (count IV), and intentional infliction of emotional distress (count V).

¶ 7    The basic facts underlying plaintiff's complaint are as follows. Plaintiff had a mortgage from Citizens Bank. On November 4, 2014, plaintiff returned to the property, discovered that the locks had been changed and that a notice was affixed to the front door. Plaintiff alleged that he contacted Citizens, MB, and Codilis (the attorneys involved in the foreclosure action). On November 11, 2014, plaintiff was given keys to the new locks and upon entering the property, he discovered personal items were missing. Then, on April 20, 2015, plaintiff returned home to find that his home had been broken into and all of the doors were boarded up or blocked. As stated above, the foreclosure action was completed, and the property was sold to Corona in 2015. Plaintiff moved out on June 30, 2015.

¶ 8    The defendants filed motions to dismiss plaintiff's complaint. Attached to Citizens' motion to dismiss was an affidavit from Andris Slokenbergs, the owner of MB. He averred that MB provides inspection services which are recorded on EZ Inspections software; Core Logic was one of MB's clients; and Jerry Shafer was one of MB's independent inspectors.

¶ 9    Attached to the affidavit were the work orders performed by Shafer on November 6, 2014 and April 24, 2015. The inspection comments attached to the work order for November 6 state the

following: "Inspector did not complete an interior inspection as the lock change either needs to be moved to the front door or the damaged and unsafe rear steps need to be repaired-There are also rusty nails sticking out of wood steps-Property has been rekeyed[.]" The inspection comments attached to the work order for April 24 state the following: "Inspector did not complete an interior inspection as the new owner and his contractor were on site; New owner's name is Corona Investments; Inspector spoke with Marshall Thompson who stated the sale was finalized on Aprill [*sic*] 22nd 2015[.]" The work orders also included several pictures of the exterior of the property. For each work order, there was a picture of the notice which was affixed to the front door with the relevant date. The notice provided "MB Property Inspection Svc." as the vendor, included Shafer's signature, stated that "the property was found vacant as of the completion date of this visit[,]" and advised that if the property was not vacant, to call the mortgage servicer.

¶ 10　　Following the court's orders on the defendants' motions to dismiss, wherein the court dismissed some counts against some defendants, plaintiff filed a first amended complaint and later a second amended complaint. Each complaint alleged substantially similar claims but altered the named defendants. The case proceeded to discovery, and a plethora of motions were filed by the parties, including motions to dismiss and motions for summary judgment.

¶ 11　　At some point, depositions were scheduled for plaintiff and his wife, Maria Bailey, who lived with plaintiff at the property on the dates in question. Both testified at their respective depositions that they spoke with a representative from MB Property in November 2014 regarding the lockout and the representative admitted to changing the locks. Neither could remember the name of the person with whom they spoke nor the details of the conversation. Both plaintiff and his wife also testified that, though they did not personally observe anyone changing the locks or boarding up the property, their neighbor told them that he saw someone changing the locks.

¶ 12   Plaintiff eventually filed a third amended complaint, upon which this appeal is based. Plaintiff named Citizens, MB, and Corona as defendants. The complaint alleged wrongful eviction on November 4, 2014 (count I), wrongful eviction on April 20, 2015 (count II), constructive eviction in the alternative against Citizens and MB (count III and IV), breach of contract against Citizens (count V), wrongful eviction against Corona (count VI), and constructive eviction in the alternative against Corona (count VII).

¶ 13   On January 5, 2018, Corona filed a motion to dismiss the third amended complaint. The court dismissed counts II and V as to Corona. Because counts I, III, and IV were not directed at Corona, the only remaining counts against Corona were counts VI and VII, which alleged wrongful eviction and construction eviction in the alternative.

¶ 14   On May 22, 2018, plaintiff filed a motion to strike the affidavit of Andris Slokenbergs, described above.

¶ 15   On June 17, 2019, plaintiff filed motions for summary judgment as to each defendant. In his motions, which contain substantially similar arguments, plaintiff asserted that there is no genuine issue of material fact because of the "clear line of possession concerning the key to the locks which were changed on [p]laintiff's home." According to plaintiff, this clear line of possession is as follows: Citizens ordered MB to conduct an interior inspection of the property; MB ordered Shafer to perform the inspection; Shafer conducted the inspection, changed the locks, and noted in his report that Corona was on site at the time of the inspection; plaintiff contacted Citizens, MB, and Codilis regarding the lockout; Codilis informed plaintiff that MB would provide the key to the property; Shafer arrived and gave plaintiff the key. Plaintiff also claims that Citizens should be vicariously liable and cited to the doctrine of *res ipsa loquitor* for support.

¶ 16    Corona filed a cross-motion for summary judgment and a motion to strike Slokenbergs' affidavit. Corona argued that Slokenbergs' affidavit was inadmissible hearsay, and without the affidavit, there was no evidence connecting Corona to any of plaintiff's allegations. Moreover, even if the affidavit and inspection report were considered, Corona argued that the report was insufficient to create a genuine issue of any material fact because the report did not provide any information that Corona entered the property, changed the locks, removed any items from the property, or boarded it up.

¶ 17    MB and Citizens also filed cross-motions for summary judgment. Citizens argued that plaintiff did not present any evidence that Citizens' employees performed any work on the property, and, in fact, plaintiff does not have any evidence of who changed the locks or boarded up the property on the dates in question. Citizens further argued that constructive eviction is not applicable to the facts because plaintiff did not abandon or surrender the premises. Finally, as to plaintiff's claim that Citizens breached the mortgage agreement by failing to provide notice of inspection, Citizens argues that plaintiff has no evidence that Citizens accessed the property and that, to the extent that an agent accessed the property, there was notice which plaintiff admits was affixed to the door.

¶ 18    On November 8, 2019, the court granted Citizens' motion for summary judgment, finding that there was no evidence that Citizens or any agent of Citizens was present at the property on the dates at issue. The court also rejected plaintiff's invocation of *res ipsa loquitor* because that doctrine is only applicable to negligence actions.

¶ 19    On that same day, the court also granted MB's motion for summary judgment. However, later that evening, in accordance with the court's earlier set briefing schedule, plaintiff filed a response to MB's motion for summary judgment. Plaintiff's brief alludes to a discussion before

the court as to the propriety of granting the motion before briefing was completed; however, as we have no transcript of those proceedings, we have no knowledge as to what occurred. On November 25, 2019, the court entered an order setting a renewed briefing schedule for MB and plaintiff's motions for summary judgment.

¶ 20    Plaintiff's renewed motion contained substantially similar arguments as his motions against Citizens and Corona described above.

¶ 21    MB's renewed motion for summary judgment argued that there was no evidence that MB, which was assigned to perform certain property preservation services, was ever asked to change the locks on the property or board up the property or ever actually did so. MB also argued that neither plaintiff's nor Bailey's deposition testimony regarding an alleged phone conversation with a MB representative should be considered by the court because it was inadmissible hearsay. The same was argued regarding their testimony that a neighbor stated that he saw someone changing the locks.

¶ 22    On December 5, 2019, plaintiff filed a motion to reconsider the order granting summary judgment to Citizens. Citizens filed a response, and plaintiff filed a reply.

¶ 23    On December 9, 2019, the court entered an order granting Corona's motion for summary judgment, finding that there was no admissible evidence that Corona changed the locks or boarded up the property in April of 2015. Further, the court noted that "even if there was admissible evidence that Corona entered the Subject Property in April of 2015, where there is not, simply entering the Subject Property would not constitute wrongful or constructive eviction."

¶ 24    On January 31, 2020, the court granted MB's motion for summary judgment. The court determined that no evidence had been presented from either party establishing whether or not MB entered the property, changed the locks, or boarded it up. The court also found that the hearsay

statements from plaintiff and Bailey's depositions did not create an issue of material fact. In the order, the court also struck Slokenbergs' affidavit because he had no personal knowledge of what occurred at the property or of "the veracity or accuracy of the attached exhibits."

¶ 25    On February 24, 2020, plaintiff filed a notice of appeal of the court's orders entered on November 8, 2019, December 9, 2019, and January 31, 2020.

¶ 26    As is relevant here, the circuit court entered an order on March 9, 2020, taking plaintiff's motion to reconsider the grant of summary judgment in favor of Citizens off the court's call pending disposition of the appeal.

¶ 27                          II. ANALYSIS

¶ 28    Before addressing the claims before us, we first clarify the parties involved. The third amended complaint named Citizens, MB, and Corona as party defendants. Plaintiff's claims on appeal relate to the separate summary judgment orders entered in favor of all three defendants. Citizens, however, filed a motion with this court to dismiss it from this appeal because there is a post-judgment motion to reconsider filed by plaintiff still pending in the circuit court. A notice of appeal is premature where there is a pending postjudgment motion in the circuit court. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). A premature notice of appeal may become effective, however, when an order denying the postjudgment motion is entered, thus dispensing with the requirement to file a new notice of appeal. Ill. S. Ct. R. 303(a)(2), Committee Comments (adopted March 16, 2007). Because the circuit court has stayed proceedings until the resolution of this appeal, this court found the notice of appeal premature as to Citizens and granted Citizens' motion to dismiss. Thus, at this time, we consider only plaintiff's claims as to MB and Corona's grants of summary judgment.

¶ 29                          A. Jurisdiction

¶ 30 As previously stated, plaintiff specified the November 8, 2019, December 9, 2019, and January 31, 2020 orders in his notice of appeal, which was filed on February 24, 2020. We again note that Citizens has been dismissed from this appeal, and thus, there is no reason to consider the November 8, 2019 order. MB asserts that this court only has jurisdiction over the January 31, 2020 order granting summary judgment in its favor. Corona does not contest jurisdiction. Nonetheless, "[a] reviewing court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them." *People v. Smith*, 228 Ill. 2d 95, 104 (2008). "An appeal must be dismissed where our jurisdiction is lacking." *In re Marriage of Sanchez and Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 20. Accordingly, it is necessary for us to determine whether this court has jurisdiction over either of the remaining summary judgment orders.

¶ 31 A notice of appeal generally may not be filed until "the trial court has finally disposed of all claims." *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 342 (2001). "A judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 171 (1981). However, Rule 304(a) (eff. March 8, 2016) provides as follows:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable[.]"

¶ 32    The purposes of the rule are to "further the goal of judicial efficiency" and "discourage piecemeal appeals" without good reason. *Zamora v. Montiel*, 2013 IL App (2d) 130579, ¶ 15. We will address our jurisdiction over each remaining summary judgment order in turn.

¶ 33                          1. Corona Summary Judgment Order

¶ 34    On December 9, 2019, the circuit court entered an order granting summary judgment in favor of Corona. The order did not contain a Rule 304(a) finding or any similar language.

¶ 35    "Absent [a Rule 304(a)] finding, if an order finally resolves one claim against one party, but other claims and/or other parties remain pending, an appeal from the final order must wait until the other matters have been resolved." *State Farm Fire & Cas. Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2009). The order "does not become appealable until all of the claims in the multiclaim litigation have been resolved." *Dubina v. Mesirow Realty Dev.*, 178 Ill. 2d 496, 503 (1997). The court's December 9 summary judgment order resolved plaintiff's claims against Corona. However, the order was not appealable at the time it was entered and cannot become appealable until the entire action is resolved. As there is a pending motion to reconsider the circuit court's Citizens summary judgment order and the proceedings below, by reason of plaintiff having filed an appeal, having been stayed, the entire action has not yet been resolved. Accordingly, the Corona summary judgment order is not appealable at this time and we do not have jurisdiction to review the order. See *In re Marriage of Teymour*, 2017 IL App (1st) 161091, ¶¶ 41, 43 (appellate jurisdiction is lacking without a Rule 304(a) finding where there are postjudgment matters still pending). Contrary to MB's assertions, this court lacks jurisdiction over the Corona summary judgment order, not because it was not timely appealed but because it is not a final and appealable order.

¶ 36                          2. MB Summary Judgment Order

¶ 37   We now consider our jurisdiction over the circuit court's January 31, 2020 order, which granted summary judgment in favor of MB and included language that "This order is final and appealable." Though the notice of appeal may have been timely as to this order, we find that, as with the Corona order, we do not have jurisdiction over the MB order either.

¶ 38   Rule 304(a) requires that the circuit court make an express finding that there was "no just reason for delaying either enforcement or appeal or both." Here, the order does not contain such an express finding. The court's statement that the order was "final and appealable" contains "no reference to Rule 304(a), to the justness of delaying enforcement or appealability, or to the propriety of immediate appeal." *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 543 (2011); see also *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 345 (2001). "[A] circuit court's declaration that an order is 'final and appealable' amounts to nothing more than a non-binding interpretation." *Palmolive*, 409 Ill. App. 3d at 544. However, the absence of the exact language of Rule 304(a) is not fatal to jurisdiction if it is clear that the court's intention was to invoke Rule 304(a). *In re Application of Du Page County Collector*, 152 Ill. 2d 545, 549-50 (1992).

¶ 39   In MB's renewed motion for summary judgment filed December 2, 2019, it requested that the circuit court "make the order final and appealable under Rule 304(a) of the Illinois Supreme Court Rules." However, this request was also made in MB's motion for summary judgment filed July 16, 2019 and its response to plaintiff's motion for summary judgment filed September 27, 2019. The court's initial order granting summary judgment in favor of MB, entered on November

8, 2019, did not contain the "final and appealable" language, despite MB's request.[1] As we have noted, a report of proceedings was not filed, and thus, we are without any knowledge as to whether there was any discussion before the court regarding an express Rule 304(a) finding. See *Rohr Burg Motors, Inc. v. Kulbarsh*, 2014 IL App (1st) 131664, ¶ 37 (finding jurisdiction over order where the transcript of proceedings reflected the court's specific agreement to counsel's request for Rule 304(a) language). It is possible that the court included this language at the request of MB. It is also possible that the court included this language to differentiate it from the initial order and to dissuade plaintiff from making challenges to the finality of the order. The latter possibility is based on plaintiff's own allegation that the trial court threatened to "lock up" plaintiff for bringing to light "the court's premature granting" of summary judgment for MB. Without a report of proceedings, it is impossible to know with certainty the intention of the circuit court in including this language, and we hold ambiguities due to an incomplete record against plaintiff. Thus, without a clear intention to invoke the rule, we find that it was not triggered by the order's "final and appealable" statement. See *Palmolive*, 409 Ill. App. 3d at 544; see also *Smolinski v. Votja*, 363 Ill. App. 3d 752, 757 (2006) (" 'Where the record is insufficient ***, the reviewing court must refrain from supposition and decide accordingly.' ") (quoting *People v. Edwards*, 74 Ill. 2d 1, 7 (1978)). As previously stated, an order that does not invoke Rule 304(a) and leaves other claims pending is not final and appealable and an appeal must wait until all matters in the circuit court have been resolved. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 464-65 (1990).

¶ 40    Even if we were to find that the circuit court clearly intended to invoke Rule 304(a) in the MB summary judgment order, this would not alter our determination that jurisdiction is lacking.

---

[1] We note that the other defendants did not request a Rule 304(a) finding in their motions for summary judgment, and there was no language in the orders related to the other defendants regarding finality or appealability.

The inclusion of an express Rule 304(a) finding does not make an otherwise nonfinal order appealable. *Coryell v. Village of La Grange*, 245 Ill. App. 1, 5 (1993). "A judgment is final if is disposes of some definite or separate part of the controversy." *Id.* An order that disposes of " 'separate, unrelated claims' " in an action is immediately appealable pursuant to Rule 304(a), but an order that merely disposes of " 'separate issues relating to the same claim' " is not. (Emphasis in original.) *Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 15 (quoting *In re Marriage of Leopando*, 96 Ill. 2d 114, 119 (1983)).

¶ 41    "Generally, the controlling factor in determining whether an order appealed under Rule 304(a) is a final order is whether the bases for recovery under the counts that were dismissed are different from those under the counts left standing." *Arachnid, Inc. v. Beall*, 210 Ill. App. 3d 1096, 1103 (1991); see also *Heinrich v. Peabody Intern. Corp.*, 99 Ill. 2d 344, 348 (1984) (same). Here, the plaintiff's third amended complaint consists of counts that contain the same basic allegations against each named defendant. Count I, alleges that both MB and Citizens caused various damages to plaintiff by changing the locks on the property on November 4, 2014. Count II contains similar allegations against all three defendants based on the April 20, 2015 lockout. Count III alleges constructive eviction against Citizens and MB based on the same facts. It is clear then that the bases for recovery are inextricably intertwined as to each defendant, and thus, we cannot say that the grant of summary judgment in favor of MB was separate and distinct part of the controversy.

¶ 42    Our conclusion also furthers the purpose of Rule 304(a) to discourage piecemeal appeals. As this court stated in *Davis v. Loftus*, 334 Ill. App. 3d 761, 767 (2002):

> "An appeal from the dismissal of one count of a multicount complaint wastes judicial resources if the plaintiff, in the dismissed count, seeks relief based on the same operative facts as those forming the basis for a surviving count. Permitting a separate

appeal in such a case would require the appellate court to relearn, inefficiently, the same set of facts when the case returns for a second appeal following final judgment on all of the claims."

The case before us is a prime example of the inefficiency that would result if this court were to examine each of the circuit court's summary judgment orders in separate appeals. Accordingly, we find that the circuit court did not clearly intend to invoke Rule 304(a) in the MB summary judgment order, and even if it did, we would conclude that the MB summary judgment order does not dispose of a separate and distinct claim within the meaning of Rule 304(a).

¶ 43     Because the pending claims in the circuit court deprive us of jurisdiction over either the MB summary judgment order or the Corona summary judgment order, this appeal must be dismissed in its entirety. See *Illinois State Bar Ass'n Mutual Insurance Co. v. Canulli*, 2019 IL App (1st) 190141, ¶ 17 ("[I]f a claim based on the same operative facts remains pending when the court issues Rule 304(a) language, then the court has not resolved even a part of the dispute, and the order is nonfinal."). Once the entire action has been resolved in the circuit court and the court has entered a final judgment as to all parties and claims, plaintiff may file a timely notice of appeal and renew his claims. Should it be the case, however, that during the pendency of the current appeal, all pending claims were resolved and the time for filing a new notice of appeal expired, Supreme Court Rule 303(a)(2) (eff. July 1, 2017) permits plaintiff to establish the effectiveness of the present notice of appeal. Although the circuit court stayed ruling on plaintiff's motion to reconsider the Citizens summary judgment order pending disposition of this appeal, Citizens' dismissal from this appeal may have altered that stay. In that case, plaintiff may file a petition for rehearing and to supplement the record, establishing our jurisdiction. *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1050 (2007).

¶ 44                                III. CONCLUSION

¶ 45    For the reasons stated, we dismiss this appeal.

¶ 46    Appeal dismissed.